Louis D. Laurino, S.
A firm of New York attorneys seeks to have the court entertain an application regarding the widow’s alleged right of election to take against the decedent’s will. The widow, "Areti Giannopoulos”, "Areti Janopulli” or "Areti Giannopulos”, is a resident of Albania. The firm’s authority to represent her is based upon a power of attorney *962 allegedly executed by her in Albania. This "power of attorney” was filed for recording by the firm with a clerk of the court. EPTL 13-2.3 provides that every power of attorney relating to an interest in an estate shall be in writing and acknowledged or proved in the manner prescribed by the laws of this State for the recording of a conveyance of real property and shall be recorded in the Surrogate’s Court having jurisdiction. The statute also provides that the Surrogate may inquire into the validity of the power of attorney and prescribe rules consistent with the section.
The rules of this court concerning powers of attorney are set forth in section 1830:33 of the Uniform Surrogate’s Court Rules in the Second Department (22 NYCRR 1830:33).
In examining the power of attorney and the documents accompanying it in connection with the present application, the court finds that they do not comply with the various sections of the Real Property Law, the CPLR and the uniform rules involved and that the instrument and accompanying papers should not have been accepted for filing.
Section 1830:33 (b) of the uniform rules regarding the filing and recording of powers of attorney provides:
"(b) The person offering the instrument for filing or recording shall furnish an affidavit of the attorney-in-fact, stating the circumstances under which the power of attorney was procured; the post office address of the grantor, the amount of his interest and relationship, if any, to decedent; the financial . arrangement and exact terms of compensation of the attorney-in-fact or of any other person concerned with the matter; disbursements to be charged to the grantor; a copy of any agreement concerning compensation; name of any attorney representing the attorney-in-fact.”
A member of the law firm to which the power allegedly runs has supplied an affirmation in connection with this rule. The only address given for the alleged grantor, "Mrs. Giannopulos”, is "Fier, Albania”, which is also the only address given for the grantor in the power itself. It might be argued that there are no house numbers in Fier, Albania, except that the application which the court is asked to entertain regarding the right of election contains the house numbers of a number of other persons residing in Fier.
The affirmation states the circumstances under which the power of attorney was received in the following manner: "We received this power of attorney in the normal course of *963 business relationships with forwarders from Albania known as Shoqeria Komisionaria, who first apprised us of this estate and asked us to protect the interests of our client by letter dated October 20, 1975.”
No attempt is given to explain who or what "Shoqeria Komisionaria” is or what their interest is in the matter, financial or otherwise.
The affirmation goes on to state that the attorneys will receive no fees as attorney in fact and that as attorneys at law they will receive 20% of the net to their client, together with out-of-pocket expenses. There is nothing in the alleged power of attorney that reflects that such an arrangement has been agreed to by their alleged client, nor is a copy of any such agreement attached to the affirmation.
The translation accompanying the power of attorney is also defective. CPLR 2101 provides that when a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator setting forth his qualifications and that the translation is accurate. An affidavit is a statement of facts in writing, signed and sworn to before an authorized officer. (1 Carmody- Wait 2d, NY Prac, § 4:12.) The importance of the fact that a translation be accompanied by a statement made under oath or by an affirmation under pain of perjury made by the translator before an authorized officer cannot be over- emphasized in New York where documents in scores of languages with accompanying translations are filed in the courts every month. The penalty of perjury provides the only median between blind faith in the accuracy of the translation and the costly procedure of the court retaining expert translators in the various languages to check and verify each paper filed. If it comes to the court’s attention that a translation accompanying a document in a foreign language is not accurate, the court can, when it is accompanied by an affidavit, contact the proper authorities in the jurisdiction where the oath or affirmation was made, if in this country, to pursue the matter; and if made in another nation, the court can contact the United States diplomatic authorities in that nation and ask them to pursue the matter.
The translation of the main body of the power of attorney from Albanian to English was allegedly made by a lawyer residing in Albania, a country with which the United States does not maintain diplomatic relations. More importantly, the *964 statement of the translator as to his qualifications and the accuracy of the translation is not given under oath or an affirmation under pain or perjury. There is a mere acknowledgement of his signature before a notary.
Subdivision 2 of section 312 of the Real Property Law sets forth what the contents of a certificate of authentication accompanying a certificate of acknowledgment made before a notary in a foreign country shall contain. The certificate of authentication accompanying the certificate of acknowledgement of the notary public before whom the widow allegedly appeared does not comply with this section. This is the "authentication” made by a Deputy President of the District Court of Fier. Nor does the authentication of the Deputy President of the District Court’s signature by the Deputy President of the Supreme Court of Albania comply. This failure to comply with the Real Property Law would in and of itself be sufficient reason to refuse to record the power of attorney. The signature of "Mrs. Giannopoulos” and the acknowledgement before the "notary” also raise grave questions as to whether the grantor knew what she was doing at the time of signing. The acknowledgement refers to the identity of the signer and states she is of full legal capacity and that she "executed the foregoing instrument and signed same in my presence as her free act and deed”.
The Albanian text under which the signature of the alleged grantor appears is written in the Latin alphabet. Yet the signature is written in the Greek alphabet. As far as indicating any understanding of what was being signed, it is then the equivalent of the illiterate’s "X”. In spite of this, there is no statement by the notary that the document was read to her or explained to her.
Based on all of the above, the court finds that this power of attorney was improperly accepted by the clerk of filing and recording. Counsel may come to the office of the Chief Clerk of the court to collect it and the papers which accompanied it. A refund of the fee paid may be applied for from the Bureau of Law and Adjustment, Office of the New York City Comptroller.
As to the application made by the firm of attorneys to determine the validity of the widow’s right of election and for other relief, without the power of attorney there is nothing to show under what authority these attorneys are acting. The only other connection shown to the widow is a copy of an *965 enigmatic telegram alleged by the attorneys to have been sent by the widow to one of the executors.
The telegram which is set forth in the moving papers is written in the Greek language, according to the translation accompanying it. It reads: "make out power of attorney Wolf Popper Ross Wolf 845 Third Avenue NY 22 Arrange for one third of the deposit without objection Advise by telegram whether they are being sent by you without court We have written you Areti Vlassis”
Nowhere else in the moving papers or the alleged power of attorney is any other reference made to the widow under the name of "Areti Vlassis”.
Accordingly, the application is not entertained, as the firm is without legal authority to appear in this matter.