**Anthony Robert OTANI, Petitioner,**

v.

**The DISTRICT COURT In and For the TWENTY-FIRST JUDICIAL DISTRICT, and James J. Carter, One of the Judges Thereof, Respondents.**

**No. 83SA32.**

Supreme Court of Colorado, En Banc.

May 2, 1983.

David F. Vela, Colorado State Public Defender, Harvey M. Palefsky, Deputy State Public Defender, Grand Junction, for petitioner.

No appearance for respondents.

DUBOFSKY, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why the order of the respondent Mesa County district court denying the petitioner's motion to proceed on appeal *in forma pauperis* should not be vacated. We now make the rule absolute.

The petitioner, Anthony Otani, was convicted of second-degree burglary on April 26, 1982, and placed on probation. On June 24, Otani filed a notice of appeal and motion to proceed on appeal *in forma pauperis,* for free transcript, and for appointment of the public defender.[1] In support of the motion, the petitioner filed an affidavit of indigency[2] which he executed in the state of Washington on July 6, 1982. The respon-

---

[1] The public defender represented Otani at trial and filed the notice of appeal, the disputed *in forma pauperis* motion, and this original proceeding on Otani's behalf.

[2] The affidavit of indigency recited as follows:
"*AFFIDAVIT OF INDIGENCY*
Anthony Otani, being duly sworn upon oath, states:

1. That he is the Defendant-Appellant herein;
2. That this Affidavit of Indigency is submitted specifically to support the Defendant-Appellant's 'Motion to Proceed on Appeal in Forma Pauperis, for Free Transcript and for Appointment of Counsel';
3. That Defendant-Appellant is indigent and does not have sufficient funds or property with

dent district court denied the motion on July 20. Otani then moved for reconsideration of the motion, which the respondent denied on October 29, 1982.

 In its October 29 order, the respondent district court pointed to several purported flaws in Otani's affidavit as the reason for its denial of the motion. The district court held that the execution of an affidavit of indigency was a precondition to granting the motion. It found Otani's averment deficient in that it was taken by a Washington state notary who captioned her authentication of the document an "individual acknowledgement." The district court concluded that the document itself constituted an "acknowledgement" and therefore lacked an affidavit's essential element of having been sworn under oath.[3] This con·clusion misperceives the nature of the two writings. An affidavit is a signed, written statement, made under oath before an authorized officer, in which the affiant vouches that what is said is true. *Re Estate of Giannopoulos,* 89 Misc.2d 961, 392 N.Y.S.2d 828 (1977); 2A C.J.S. *Affidavits* § 2 (1972). An acknowledgement is a manner of authenticating an affidavit or other instrument by showing that it was the uncoerced act of the person executing it. 3 Am.Jur.2d *Affidavits* § 3 (1962). Otani's statement was an affidavit; the use of the language "duly sworn upon oath" signified that Otani declared under oath the truth of the facts set forth. *See Bell-Zajicek, Inc. v. Heyward-Robinson Co.,* 23 Conn.Sup. 296, 182 A.2d 339 (1962). The Washington notary's certification was an acknowledgement that Otani was the person who voluntarily made the affidavit.[4]

Contrary to the district court's implication, notaries public in Washington are authorized to administer oaths, take affidavits, and issue acknowledgements. Wash. Rev.Code § 42.28.040 (1981). Under Washington law, acknowledged instruments constitute *prima facie* evidence of the facts contained in them. Wash.Rev.Code § 64.-08.050 (1981). Therefore, we believe that the affidavit and acknowledgement, read together, constitute *prima facie* evidence that the facts in Otani's affidavit were true.

which to pay filing fees or costs of an appeal; with which to pay for the transcript of the trial proceedings and record on appeal; or with which to employ counsel on appeal;

4. That Defendant-Appellant believes he has meritorious grounds for an appeal and is not taking the appeal on frivolous grounds or for purposes of delay;

5. That in the trial court stages of his case, he was being represented by the Colorado State Public Defender.

6. That Defendant-Appellant is presently out of custody on probation but is unemployed and does not have sufficient funds or real or personal property with which to pay the docket fees and costs of his appeal.

/s/ Anthony R. Otani
Defendant-Appellant

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) ss. | (INDIVIDUAL |
| County of King | ) | ACKNOWLEDGEMENT) |

I, Kimberly L. Legas, a Notary Public in and for the State, do hereby certify that on this 6th day of July, 1982, appeared before me Anthony R. Otani to me known to be the individual described in and who executed the within instrument, and acknowledged that he signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day above written.

/s/ Kimberly L. Legas
Notary Public in and for
the State of Washington,
residing at Kent in said
County."

3. The district court suggested that "since the defendant is now a non-resident of our state, having been convicted of a felony, the bare essentials of his affidavit of indigence would appear to demand a *dedimus potestatem* commissioned to a specific officer authorized to administer an oath and requiring specific questions to be asked and answered as to defendant's financial affairs (as distinguished from conclusory statements of 'indigence')."

4. The form of the Washington notary's certificate of acknowledgement conformed in all respects to that prescribed for notaries by Washington law. Wash.Rev.Code § 64.08.060 (1981).

Notarial acts performed by authorized notaries outside of Colorado have the same effect as if performed within the state by a Colorado notary. Section 12–55–203(1)(a), C.R.S.1973 (1978 Repl.Vol. 5). Therefore, Otani's affidavit of indigency carried the same weight as if it had been executed while he was in Colorado. Once sworn before and acknowledged by a notary, the affidavit required no further evidence of authenticity as a condition precedent to its admissibility. C.R.E. 902(8). Affidavits are generally received in evidence on matters which are collateral to the issue on trial or appeal, 2A C.J.S. *Affidavits* § 57 (1972), and the determination of a defendant's indigency is such a collateral issue. The record does not contain any evidence contradicting Otani's declaration of indigency, and the district attorney voiced no objection to the public defender's continued representation of Otani on appeal. Thus, we conclude that Otani's motion to proceed *in forma pauperis* should have been granted.

The rule is made absolute.