[5 NYS3d 813]

# In the Matter of the Appointment of a Guardian of S.A.B.G.

Family Court, Nassau County, February 3, 2015

## APPEARANCES OF COUNSEL

*Laura Demastus* for petitioner.
*Donna McCabe*, Attorney for the Child.

**OPINION OF THE COURT**

CONRAD D. SINGER, J.

## Background

The petitioner herein, J.S.G., petitioned this court on August 26, 2014 to be appointed guardian of the subject child, S.A.B.G. On November 7, 2014, the petitioner filed a copy of the subject child's parents' death certificates with a certificate of translation. On November 12, 2014, this court adjourned the matter and directed counsel to submit an appropriate translation. Now the petitioner moves this court, by and through his attorney, for the court to accept the translation of the foreign documents, as well as to accept the documents themselves for the court's consideration and record. Counsel for the petitioner submitted a memorandum of law in support of the motion to accept foreign language documents pursuant to Civil Practice Law and Rules § 2101 (b).

## Argument

Counsel argues that the foreign documents submitted to the court conformed with the requirements set forth in CPLR 2101 (b) in that the foreign documents were accompanied by an English translation and the translator included an affidavit that stated her qualifications and also stated that the translation was accurate (mem of law in support of motion to accept foreign language documents translated pursuant to CPLR 2101 [b], argument A, Jan. 20, 2015). Counsel believes that the CPLR does not define the term "qualifications" and that the translator's statement that she is "proficient in both English and Spanish" is sufficient for her to translate the foreign documents, which were written in the Spanish language (*id.* at argument B).

## Relevant Statute

CPLR 2101:

"Form of Papers . . .

"(b) Language. Each paper served or filed shall be in the English language which, where practicable, shall be of ordinary usage. Where an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate."

## Discussion

The issue before the court is whether the foreign documents, annexed translations and translation certification submitted to this court are sufficient and whether the court's directive to provide a suitable translation was contrary to controlling law.

It is well settled law that a foreign document filed with the court must be accompanied by an English translation of same and by an affidavit by the translator stating their qualifications and that the translation is accurate (*see* CPLR 2101 [b]; *see also National Puerto Rican Day Parade, Inc. v Casa Publs., Inc.*, 79 AD3d 592, 593 [1st Dept 2010]). The court acknowledges that the statute does not require the translator to list what was translated, and does not require the translator to provide a complete translation, nor to provide an itemized list of their qualifications (*see National Puerto Rican Day Parade, Inc.* at 593-594). However, in the case at bar, the statement provided by the translator that she is "proficient in both English and Spanish" is ambiguous, self-serving and insufficient to illustrate her qualifications. The translator failed to state her *professional* qualifications which render her suitable to translate the documents. The translator's statement that she is proficient can draw a multitude of inferences and the court will not conjecture on her level of proficiency or how her alleged proficiency was earned (*see National Puerto Rican Day Parade, Inc.* at 594 [distinguishing *Martinez v 123-16 Liberty Avenue Realty Corp.* (47 AD3d 901 [2d Dept 2008]), wherein the Court did not accept a translation, since one of the "documents was translated by a party's family member, not a professional translator"]).

Moreover, pursuant to the statute, the translation must be accompanied by an *affidavit* stating the translator's qualifications and that the translation is accurate. An affidavit is a statement of facts in writing, signed and sworn to before an authorized officer (*see Matter of Giannopoulos*, 89 Misc 2d 961, 963 [Sur Ct, Queens County 1977]). An affidavit should ordinarily begin with its venue (state, county and city in which it is made) and contains an opening statement such as, "Mary Jones, being duly sworn, deposes and says," followed by a recitation of the facts and the signature of the affiant and notary at the bottom of the statement (*see* Siegel, NY Prac § 205 at 352, Affidavits [5th ed 2011]; *see also GBI Acupuncture, P.C. v*

*Esurance Ins. Co.*, 38 Misc 3d 1208[A], 2012 NY Slip Op 52423[U], *4 [Civ Ct, NY County 2012]). We do not have that here. The certificate of translation merely states: "I, [translator], being proficient in both the English and Spanish language, do hereby certify that the above represents a true and complete English translation from the original document written in Spanish" (Certified Translation, Registry of the Family State Republic of El Salvador Death Certificate, S.E.G.R., and Certified Translation, Registry of the Republic of El Salvador Death Certificate, J.E.B.C.). The certificate does not contain any reference to venue nor does it state that the statement is sworn to and made under the penalty of perjury. While CPLR 3026, "Construction," anticipated such defects in documents and instruments and instructs that such defects should be ignored if the substantial right of a party is not prejudiced, this court cannot ignore this structural defect of the affidavit coupled with the ambiguity of the translator's qualifications.

Accordingly, it is hereby ordered, that counsel for the petitioner shall submit certified death certificates for S.E.G.R. and J.E.B.C. accompanied by an English language translation and an affidavit of the translator for same in compliance with CPLR 2101 (b); it is further ordered, that the parties shall appear before this court on March xx, 2015 at 9:00 a.m. for further deliberations; it is further ordered, that all other applications not addressed herein are deemed denied.