Herbert Dean Hideo MAMEDA, Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, Defendant-Appellant.

No. 84CA0079.

Colorado Court of Appeals, Div. III.

Feb. 28, 1985.

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Steven M. Bush, Asst. Attys. Gen., Denver, for defendant-appellant.

STERNBERG, Judge.

The primary issue in this appeal is whether a hearing officer, in a proceeding concerning the revocation of a driver's license, can refuse to accept into evidence the result of an independently tested breath test sample. We rule that the results of the independent test must be accepted into evidence. Therefore, the ruling of the trial court which reversed the hearing officer is affirmed, and the cause is remanded with directions to remand to the hearing officer for a new hearing.

The plaintiff, Herbert Mameda, was stopped by a police officer after his vehicle had run a stop sign. The officer observed that Mameda's eyes were bloodshot and watery, that he had a strong odor of alcohol on his breath, and that his speech was slurred. Therefore, the officer asked Mameda to perform a series of physical coordination tests, which he failed. Thereafter, Mameda was placed under arrest, taken to the sheriff's office, and given a breathalyzer test which indicated a blood alcohol reading of .152. Mameda obtained the duplicate sample and had it independently tested; the result was a reading of .131.

At a hearing held pursuant to § 42–2–122.1(8)(a), C.R.S. (1984 Repl.Vol. 17), Mameda attempted to offer into evidence the result of the independent testing. The hearing officer ruled that the General Assembly did not intend to allow the admission into evidence of independent blood alcohol tests in administrative express consent hearings. He therefore considered only the evidence given by the state, and found that Mameda had been driving with a blood alcohol level of .15 or greater. Based upon these findings, the hearing officer revoked Mameda's license for one year.

Mameda sought judicial review of that decision in the district court. The court found that the hearing officer had erroneously interpreted the law when he ruled that the legislative intent of the law prohibited him from considering the results of the second test; that denying Mameda the right to present evidence upon the crucial issue to be determined was in violation of his constitutional rights and effectively denied him due process of law; and that the ruling was arbitrary and capricious and rendered the hearing nothing more than a sham. The court therefore ordered that the action taken at the administrative hearing be reversed.

The Department of Revenue appeals, contending that the hearing officer was correct in limiting the admissibility of evidence at the administrative hearing to the state's alcohol test and that, therefore, the trial court erred. We disagree.

Section 42–2–122.1(7), C.R.S. (1984 Repl. Vol. 17) provides that any person who has received a notice of revocation may make a written request for a review of the department's determination at a hearing. Section 42–2–122.1(8)(c), C.R.S. (1984 Repl.Vol. 17), states:

"The sole issue at the hearing shall be whether by a preponderance of the evidence the person drove a vehicle in this state when the amount of alcohol in such person's blood was 0.15 or more grams of alcohol per hundred millileters of

blood or 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense, as shown by chemical analysis of such person's blood or breath.... If the presiding hearing officer finds the affirmative of the issue, the revocation order shall be sustained. If the presiding officer finds the negative of the issue, the revocation order shall be rescinded."

■ At the hearing, the hearing officer has the authority to receive relevant evidence and generally to regulate the course and conduct of the hearing. Section 42–2–122.1(8)(b), C.R.S. (1984 Repl.Vol. 17). However, here, the hearing officer erroneously interpreted the law when he ruled that the legislative intent of this law prohibited him from considering the second test results.

Nothing in § 42–2–122.1(8)(c) mandates that the sole test to be considered by the hearing officer must be the one administered by the state; rather, it says that the hearing officer shall determine by a preponderance of the evidence whether the person's blood or breath showed the specified concentration of alcohol. And, the court properly ruled that by denying Mameda the right to produce evidence on that crucial issue, the hearing officer effectively deprived Mameda of any chance to rebut or challenge the results obtained in the first test of his breath. *See Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924 (1979) (due process requires that defendant be given separate samples of breath for purposes of determining blood alcohol content).

Here, the first test administered showed a blood alcohol reading of .152. According to an offer of proof made by counsel at the time of the rejection of the evidence, the second test would have shown a blood alcohol level of .131. With the independent evidence excluded, the hearing officer would necessarily have to find adversely to Mameda. This would reduce the hearing to a mere clerical formality and would be contrary the intent of the statute. Thus, because the independent testing accomplishes nothing unless the results are allowed to be put into evidence, the results here are contrary to both *Garcia v. District Court, supra,* and the statute. Hence, the trial court properly reversed the department's order as being arbitrary and capricious and as reflecting an erroneous interpretation of the law. *See* § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17).

We hold that the district court was correct in holding that the hearing officer's ruling denying Mameda the opportunity to present his rebuttal evidence was arbitrary and capricious, and was based on an erroneous interpretation of the law. Therefore, it properly reversed the department's determination. However, the action must be remanded to the hearing officer to conduct a hearing that comports with our holding herein.

The judgment is affirmed and the cause is remanded for a new hearing.

TURSI and METZGER, JJ., concur.