Mary Anne HAVENS,
Plaintiff-Appellant,

v.

Alan CHARNES, Executive Director of the Department of Revenue and Motor Vehicle Division of the State of Colorado, Defendant-Appellee.

No. 86CA1128.

Colorado Court of Appeals,
Div. I.

May 28, 1987.

Al R. Zinn, P.C., Harold Dubinski, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Bradley J. Holmes, Asst. Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

Mary Anne Havens appeals the judgment of the district court affirming revocation of her driver's license. We affirm.

Following her arrest for a traffic offense, Havens agreed to submit to a blood test. Two samples were drawn, and a police officer sealed and sent both samples to a laboratory. One sample was analyzed there, showing .157 grams of alcohol per 100 milliliters of blood. Havens testified that she later went to the laboratory to pick up the second sample, and was told the seal on that sample had been inadvertently broken. Havens delivered the second sample to a laboratory analyst of her choice, whose analysis of it showed .165 grams of alcohol per 100 milliliters of blood. However, Haven's laboratory analyst testified that, because of the broken seal, he could not assure the integrity of the sample.

The hearing officer revoked Havens's license, concluding that although the second sample was not handled in compliance with applicable Health Department regulations, the broken seal did not invalidate the test on the first sample nor discredit the entire case against Havens. The district court affirmed, finding no merit in Havens's arguments.

On appeal, Havens contends that the broken seal on the second sample was a breach of statutory procedure. Therefore, the test results from the first sample were invalid and there was insufficient evidence on which to revoke her license. We disagree.

■ Under Health Department regulations, the identity and integrity of the two samples must be maintained, and the second sample made available to the licensee on request. Department of Health Rules and Regulations I.A.1., 5 Code Colo.Reg. 1005–2. However, if the test on the first sample was scientifically valid and reliable and otherwise properly conducted, noncompliance with these regulations does not automatically make those test results inadmissible. *Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986); *People v. Bowers*, 716 P.2d 471 (Colo.1986).

■ Here, although the integrity of the second sample was compromised, there is no allegation that the first test was unreliable in any way. The hearing officer could properly conclude that the broken seal was unrelated to the first test, so that the results of the first test were reliable and admissible. Accordingly, the hearing officer's decision, supported by the substantial evidence of the results of the first test, will not be set aside on review. *See DeScala v. Motor Vehicle Division*, 667 P.2d 1360 (Colo.1983).

Havens also contends that the broken seal on the second sample should bar revocation of her license because it amounts to a denial of her due process right to present evidence to challenge the first test results. Again, we disagree.

The due process right to a second sample was stated in *Garcia v. District Court*, 197

Colo. 38, 589 P.2d 924 (1979). The right to present evidence of an independent test on the second sample was stated in *Mameda v. Colorado Department of Revenue*, 698 P.2d 277 (Colo.App.1985). However, in *People v. Pope*, 724 P.2d 1323 (Colo.1986), our supreme court noted that the federal due process considerations underlying *Garcia* were implicitly overruled by *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The court did not directly rule on the Colorado constitutional issue in the *Pope* case. The same reasoning applies under the Colo. Const. art. II, § 25.

 Here, even if we assume that Havens was entitled to a second sample, the unintentional damage to that sample does not, in and of itself, amount to a violation of her due process rights. Under *Trombetta*, federal due process considerations impose on the state the duty to preserve only "constitutionally material" evidence, defined as evidence which possessed an exculpatory value that was apparent before it was destroyed and which was of such a nature that comparable evidence would be unobtainable by other reasonably available means. *California v. Trombetta, supra; People v. Pope, supra.*

There is no suggestion here of a conscious effort to destroy exculpatory evidence. *See California v. Trombetta, supra.* Further, there is no indication that the sample, if properly preserved, would have been of assistance to Havens. Instead, the sample would appear to have been inculpatory since the subsequent test of it revealed results similar to the first sample and since Havens did not show that the first test was unreliable.

Under the circumstances presented here, we conclude that the damage to the second sample did not constitute a suppression of constitutionally material evidence in violation of Havens' due process rights.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.