No. 26241

The Mountain States Telephone and Telegraph Company, a Colorado corporation v. Department of Labor and Employment, Division of Employment, Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Linda R. Tischler

(520 P.2d 586)

Decided March 25, 1974.

Rovira, DeMuth & Eiberger, Russell P. Rowe, for plaintiff-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert L. Harris, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This appeal challenges a final order of the Industrial Commission dismissing an administrative appeal by appellant (Mountain Bell) from a decision of a referee granting respondent (Tischler) a full award of unemployment benefits under 1969 Perm. Supp., C.R.S. 1963, 82-4-8(7). By reason of the constitutional issue involved, the case was transferred from the Court of Appeals to this Court for determination. We reverse the order of the Industrial Commission.

The sole issue here is the timeliness of Mountain Bell's appeal from the referee's adverse decision. We do not reach the merits of the decision granting the award of unemployment compensation to Tischler.

C.R.S. 1963, 82-5-4, provides in relevant part:

"* * * The parties shall be duly notified of such referee's decision together with his reasons therefor, which shall be deemed to be the final decision of the department unless within eleven days after the date of notification or mailing of such decision, further appeal is initiated pursuant to section 82-5-6."

The Industrial Commission ruled that Mountain Bell had not given notice of appeal within the required eleven days from the date of notification or mailing of the referee's decision, and that failure to do so was jurisdictional, thus requiring dismissal of the appeal.

The referee's decision was issued on February 23, 1973. Copies were mailed to the office of Tischler's attorney and to Mountain Bell on February 26, 1973. It is Mountain Bell's contention that a copy of the decision was not mailed to its attorney of record. The record does not establish otherwise. Counsel for Mountain Bell did not learn of the decision until 4 p.m. on Friday, March 9 (the eleventh day) when pursuant to his inquiry of the Department of Labor he was advised of the February 23 decision. He immediately gave verbal notice of intent to appeal and was advised that the intention to appeal would be noted in the case file. He prepared a written notice of appeal, which he was unable to file in the

Commission office on March 9 because of the lateness of the hour. This notice was mailed on March 9 and received by the Commission on Monday, March 12. On the same day, counsel received a copy of the decision from the Commission.

Respondent Tischler moved to dismiss the appeal on the ground that it was not timely filed. The motion was granted without hearing, the Commission finding: "* * * The attorneys representing both parties were notified. * * *" Mountain Bell then filed a Request for Reconsideration setting forth the foregoing factual matters, particularly detailing the absence of service of a copy of the decision on its counsel. Upon reconsideration, the Commission in a review decision found:

* * * Employer [Mountain Bell] was served, and opposing counsel [for Tischler] was served with notice of the decision and there being no substantial evidence to indicate that employer's counsel was not so served the Commission must rely on its decision of April 6, 1973 and deny jurisdiction in this matter."

No evidence was presented to counter the factual statements contained in Mountain Bell's Request for Reconsideration. Indeed, the attorney general candidly states in his brief that it was not factually established by the record that a copy of the decision was mailed to Mountain Bell's counsel. As heretofore noted, it is clear that the finding of the Commission on the motion to dismiss and on reconsideration that Mountain Bell's counsel was served was not supported by any substantial evidence in the record.

Nonetheless, the attorney general argues that the statute requires that notice of the referee's decision be given only to the parties and not their attorneys; and that inasmuch as Mountain Bell did receive notice of the decision, the statute was complied with and failure to give notice of appeal within the eleven-day period thereafter barred its right of appeal.

■■ Thus, the issue squarely before this Court is whether procedural due process of law, as embodied in the Fourteenth Amendment to the United States Constitution and in Article II, Section 25, of the Colorado Constitution, compels

an interpretation of the statute under consideration, C.R.S. 1963, 82-5-4, as to require that notice of the referee's decision be given to counsel of record for the interested parties. We hold that where the parties, whether employee or employer, are represented in the administrative proceeding under consideration by attorneys of record, notice of decisions affecting the substantial rights of the parties must be given to their attorneys.

■ The essence of procedural due process is fundamental fairness. This embodies adequate advance notice and an opportunity to be heard prior to state action resulting in deprivation of a significant property interest. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1974); *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). It likewise entitles a litigant to timely notice of decisions which have adjudicated his property interests, in relation to available appellate remedies.

■ These principles apply no less to quasi-judicial proceedings where a property right is subject to a direct and material infringement. *Pub. Util. Comm. v. DeLue,* 175 Colo. 317, 486 P.2d 1050.

■ It follows that when a client has employed an attorney to present his defense to claims in litigation, and notice of this representation by entry of appearance has been given to the opposing party and the court, or other adjudicatory body, all notices required to be given in relation to the matters in controversy, including notice of the decision and entry thereof, should be given to the attorney of record. This basic requirement flows from the attorney-client relationship by which the management, discretion and control of all procedural matters connected with the litigation is invested in the attorney. By virtue of such delegation of authority, the client is bound by the actions of his attorney. *Schleiger v. Schleiger,* 137 Colo. 279, 324 P.2d

370. *See also Middleton v. Stavely,* 124 Colo. 88, 235 P.2d 596; *Wells Fargo & Co. v. City & County of San Francisco,* 25 Cal. 2d 37, 152 P.2d 625; *State v. McDonald,* 50 Wis. 2d 534, 184 N.W.2d 886; 7 Am. Jur. 2d *Attorneys At Law* § 120. If the attorney through no fault of his own is denied notice of the critical determination in the case, and by reason thereof fails to take procedural steps necessary to preserve his client's rights, fundamental unfairness results. Procedural due process cannot be satisifed when counsel, upon whom a client is entitled to rely, is not notified of decisions affecting his client's interests.

▮▮▮ We find no merit to the attorney general's argument that literal compliance with the statute regarding notice of the decision to the parties only is all that is necessary. As stated in *White v. Davis,* 163 Colo. 122, 428 P.2d 909, due-process requirements qualify statutory enactments, which must be interpreted, if possible, so as to conform to constitutional standards. As indicated, we interpret the statutory requirements that the parties be given notice of the decision to necessarily require that a like notice be given to their attorneys of record. We conclude that in the present proceeding Mountain Bell was denied due process by the Commission in denial to Mountain Bell of its right of appeal.

The order of the Commission dismissing the appeal is reversed and the proceeding is remanded to the Industrial Commission with directions to reinstate the appeal and for further proceedings consonant herewith.

MR. JUSTICE GROVES does not participate.