567 P.2d 385 (1977)
George L. PATTERSON, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Interstate Gas Company, Respondents.
Nos. 76-709, 76-879.
Colorado Court of Appeals, Div. I.
April 28, 1977.
Rehearing Denied May 26, 1977.
*386 Theodore M. Smith, Boulder, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Geddes, MacDougall & McHugh, P.C., Robert C. McHugh, Colorado Springs, for respondent Colorado Interstate Gas Co.
COYTE, Judge.
In this unemployment compensation proceeding, the claimant, George Patterson, seeks review of the order of the Industrial Commission reducing claimant's entitlement to benefits. We set aside the order.
The following facts are uncontroverted. Claimant had been employed by respondent, Colorado Interstate Gas Company, for approximately *387 twenty years prior to his termination. In April 1976, claimant became involved in a verbal altercation with a company supervisor. As a result of the incident, the company determined that for disciplinary purposes claimant should be transferred to its Kansas offices. The order of transfer was communicated to claimant, who, relying on a company policy to the effect that transfers would not be accomplished absent an employee's consent, declined to report to the Kansas facility. The company thereupon discharged claimant.
Claimant subsequently initiated a claim for unemployment compensation benefits and was awarded full benefits by the deputy. After hearing, the referee concluded the claimant had deliberately refused to accept a reasonable order of the employer. Accordingly, the referee reversed the deputy's decision, and, pursuant to § 8-73-108(6)(h), C.R.S. 1973 disqualified claimant from the receipt of benefits for a 13-week period.
On September 23, 1976, the Commission issued its decision affirming the findings and award of the referee. Within 10 days, claimant filed a petition for review before the Commission and also before this court. On October 20, 1976, the Commission issued a "supplemental award" which affirmed its previous decision. While a certificate of mailing is appended to the supplemental award, the certificate bears no signature attesting that a copy of the decision had, in fact, been properly deposited in the mail.
In December 1976, claimant filed a notice of appeal and a second petition to review with this court. By motion and order, the two petitions were consolidated, and the company's request that the consolidated appeal be dismissed was denied with leave to argue the issue in briefs.

I
The company maintains that, inasmuch as claimant's notice of appeal was not timely filed, this court lacks jurisdiction to proceed in the matter. In view of the circumstances presented here, we disagree with this argument.
Section 8-74-109, C.R.S. 1973, provides that an action to review a final order of the Commission must be commenced within 20 days of the date of issuance of the order. Compliance with the statutory procedures is mandatory. Washburn v. Industrial Commission, 153 Colo. 500, 386 P.2d 975 (1963).
However, the Commission is required by statute to "promptly notify" interested parties of a decision, § 8-74-105, C.R.S. 1973, and a failure to do so may constitute error of constitutional dimension. Where an attorney through no fault of his own is denied notice of a critical determination in a proceeding and consequently does not complete the procedural requisites necessary to preserve his client's right to appeal, procedural due process requires that the appeal be allowed. Mountain States Telephone & Telegraph Co. v. Department of Labor, 184 Colo. 334, 520 P.2d 586 (1974); see also Zimmerman v. Industrial Commission, 108 Colo. 552, 120 P.2d 636 (1941).
In this case, the irregularity in the certificate of mailing establishes a prima facie lack of notice, cf. Zimmerman v. Industrial Commission, supra, and, in conjunction with claimant's denial of receipt of the supplemental award, sufficiently rebuts any inference to be drawn from the affidavits of the company's counsel asserting that they had received copies of the award. Fundamental fairness thus dictates that claimant's review be permitted. Mountain States Telephone & Telegraph Co. v. Department of Labor, supra.

II
Claimant argues that in light of the company rules regarding transfers, the Commission erroneously found that he had been discharged for insubordination and thus erroneously reduced his award. We agree.
While § 8-73-108(6)(h), C.R.S. 1973, does permit reduced awards for a claimant separated from employment by reason of his insubordination, there is no evidence to support *388 the Commission's finding that the claimant here had deliberately disobeyed a reasonable instruction. To the contrary, the uncontroverted evidence in the record reveals that claimant was terminated as a consequence of the employer's violation of the employment contract, which circumstance entitled claimant to a full award of benefits provided that he had exhausted any contractual remedies. See § 8-73-108(4)(h), C.R.S. 1973; Wade v. Hurley, 33 Colo.App. 30, 515 P.2d 491 (1973).
It is not disputed that the alleged act of insubordination leading to claimant's termination was his refusal to accept a transfer. Nor does the company deny that its stated policy of permitting an employee to decline a transfer, a copy of which directive is a part of this record, was in effect at the time of claimant's refusal. Further, uncontradicted testimony and documentary evidence in the record show that claimant attempted to resolve the dispute through available company procedures.
Accordingly, it is immaterial to the issues here that claimant's employment contract was one terminable at will, see Justice v. Stanley Aviation Corp., 35 Colo.App. 1, 530 P.2d 984 (1974), or that the company might have discharged claimant immediately following the altercation without affording him an opportunity to transfer. By selecting claimant's refusal to accept transfer as the ground of termination, the company directly contravened its own rule. Therefore, § 8-73-108(4)(h), C.R.S. 1973, was dispositive of the claim for benefits, and the Commission erred in reducing claimant's award under § 8-73-108(6)(h), C.R.S. 1973.
The order is set aside and the cause remanded with directions to award claimant a full entitlement of benefits.
SMITH and VanCISE, JJ., concur.