**Fred MILLER, Plaintiff-Appellee,**

v.

**MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE,**
**State of Colorado, Defendant-Appellant.**

**No. 84CA1162.**

Colorado Court of Appeals,
Div. II.

July 25, 1985.
Rehearing Denied Aug. 29, 1985.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Motor Vehicle Division of the Colorado Department of Revenue (Division), appeals the trial court judgment reversing its revocation of the driving license of plaintiff, Fred Miller. The Division argues that the trial court erred in finding that the requirements of due process were violated because the hearing officer in-

dulged a presumption of validity of blood alcohol test results and, thus, did not require sufficient foundation before admitting those results. We reverse.

Following his arrest on a charge of driving under the influence of alcohol, Miller agreed to submit to a blood test. At the police station under the supervision of the arresting officer, a registered nurse withdrew blood from Miller. The results of the blood test showed 0.212 grams of alcohol per 100 milliliters of blood. At Miller's driver's license revocation hearing, the arresting officer testified that he observed the registered nurse withdraw the blood from Miller, that the police department sent the sample to the lab, and that the results of the test indicated that Miller's blood alcohol level was 0.212.

The arresting officer's report was admitted into evidence. Among other items contained in that report was the laboratory report containing the results of the blood test signed by the nurse who withdrew the blood and the toxicologist who performed the test, plus a consent to the blood test signed by Miller.

In reversing the hearing officer's revocation of Miller's license, the trial court ruled that the hearing officer erred in admitting the arresting officer's report without requiring the Division to present testimony by either the nurse who drew the blood sample or witnesses who could testify as to compliance with the Colorado State Department of Health rules and regulations. Absent such testimony, the court held that there was insufficient foundation showing the accuracy of the test results. We conclude this ruling was in error.

Driver's license revocation is mandatory if a chemical test of the driver's blood yields results of 0.15 or more grams of alcohol per 100 milliliters of blood. Section 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17). And, at a revocation hearing, the sole issue is whether a preponderance of the evidence shows that the operator drove a vehicle when his blood alcohol level exceeded that concentration. Section 42–2–122.-1(8)(c), C.R.S. (1984 Repl.Vol. 17).

In a trial of a case involving alcohol-related traffic offenses, the court is required to take judicial notice of the methods and operation of devices for testing a person's blood to determine alcohol level. Section 42–4–1202(6), C.R.S. (1984 Repl.Vol. 17). The Colorado State Department of Health rules and regulations promulgated pursuant to § 42–4–1202, C.R.S., relating to blood alcohol testing govern the procedures for obtaining blood specimens, for conducting chemical tests, and for performing the analysis used to determine alcohol content.

The rules of the Department require that blood samples shall be collected in the presence of the arresting officer who can authenticate the samples. Blood samples may be collected only by certain professional people including a registered nurse, and blood samples may be collected only in certain facilities, including police stations. Department of Health Rules and Regulations I.A.1.a, 5 Code Colo.Reg. 1005–2. The blood samples must be delivered to a laboratory certified by the Department to conduct the test for alcohol content. Department of Health Rules and Regulations I.A.1.b, 5 Code Colo.Reg. 1005–2.

During a revocation hearing, the hearing officer is required to make a determination of facts on the basis of the report of a law enforcement officer and on the basis of evidence received at the hearing. Section 42–2–122.1(1)(b), C.R.S. (1984 Repl.Vol. 17). Pursuant to § 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17), a "law enforcement officer who arrests any person for a violation of § 42–4–1202(1.5) shall forward to the Department a verified report of all information relevant to the enforcement action, including ... a statement of the officer's grounds for belief that the person violated § 42–4–1202(1.5), a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court." In addition, the presiding hearing officer shall have the authority to issue subpoenas. Section 42–2–122.1(8)(b), C.R.S. (1984 Repl.Vol. 17).

Here, the arresting officer's testimony, coupled with the introduction of the police report into evidence, provided prima facie

evidence that the test was given in compliance with the Department's rules and regulations. It was not necessary for the Motor Vehicle Division to require the registered nurse or toxicologist to testify at the hearing.

The respondent in a revocation hearing may request that the hearing officer subpoena witnesses if the respondent wishes to go forward with evidence to rebut the prima facie case. Section 42–2–122.1(8)(b), C.R.S. (1984 Repl.Vol. 17); *see also* § 42–4–1202(6), C.R.S. (1984 Repl.Vol. 17). Miller made no such request here.

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate the order revoking Miller's driver's license.

PIERCE and SMITH, JJ., concur.