**James M. HALL, Petitioner,**

v.

**HOME FURNITURE COMPANY, The State Compensation Insurance Fund, and the Industrial Commission of the State of Colorado, Respondents.**

**No. 85CA0520.**

Colorado Court of Appeals,
Div. IV.

April 24, 1986.

Rehearing Denied May 22, 1986.

Certiorari Withdrawn Aug. 20, 1986.

Steven U. Mullens, P.C., Steven U. Mullens, Cynthia M. Pring, Colorado Springs, for petitioner.

Kathleen Robinson, Denver, for respondents Home Furniture Co. and State Compensation Ins. Fund.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

SILVERSTEIN, Judge.*

Claimant, James M. Hall, seeks review of a final order of the Industrial Commission denying his petition to reopen. We set aside the order.

In 1974 claimant suffered an injury to his left elbow while employed by Home Furniture Company. The significance of the injury was not apparent to claimant until 1977 when he sought medical treatment and filed a claim for compensation. The Commission determined that the claim had been timely filed and reserved the issues of permanent disability and entitlement to medical benefits for determination after additional hearings.

On April 7, 1978, State Compensation Insurance Fund (Fund) filed a special admission of liability for 15% permanent partial disability of the upper left extremity measured at the elbow. Pursuant to the Industrial Commission Rules then in effect, claimant was mailed a copy of this admission and advised that the admission would be approved unless he contested it within thirty days. However, no copy of the admission was mailed or otherwise served on claimant's then attorney of record.

Claimant did not contest the admission or take any further action on his claim until January 17, 1984, when he requested a hearing on the issues of disability and medical benefits. Although it was claimant's position that the case had not been closed, he filed a petition to reopen in response to the hearing officer's direction that such a petition was necessary. On June 21, 1984, the hearing officer granted claimant's petition to reopen and awarded claimant temporary disability benefits.

On petition for review, the Commission reversed the hearing officer's decision and

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

denied claimant's petition to reopen on the basis that it had not been timely filed. In addition, the Commission concluded that the petition to reopen had not complied with Industrial Commission Rule XB, 7 Code Colo.Reg. 1101–3, because the physician's report failed to estimate percentage of impairment and additional periods of temporary disability.

### I.

On review, claimant first contends that the Commission erred in determining that his petition to reopen was not timely filed. It is claimant's position that, because the Fund did not mail a copy of the special admission of liability to his attorney, the applicable time limits for filing a petition to reopen should have been tolled. We agree.

■ At the time the special admission was filed, there was no statute or regulation requiring that a claimant's attorney be furnished with a copy of an admission of liability. (Industrial Commission Rule XI (N), 7 Code Colo.Reg. 1101–3 at 25, now provides that all documents shall be mailed to attorneys of record, as well as to the parties). Claimant argues, however, that due process considerations imposed this additional requirement on the Fund. We agree with claimant that, under certain circumstances, procedural due process may extend statutory or regulatory notice requirements. Here, we have such a circumstance.

The admission of liability stated on its face: "This admission will be approved by the director unless you notify the Division of Labor ... in writing within thirty days of the above date that you contest said admission." Such an approval after the thirty-day period constitutes a final award under the workmen's compensation act. *Cf. Johnson v. McDonald*, 697 P.2d 810 (Colo.App.1985). However, claimant was not aware of the effect of his failure to object to the admission of liability. Also, since claimant's attorney was not sent a copy of the admission and since the issue of possible permanent disability was still pending, counsel was unaware that his client's claim was not still active.

■ Due process is violated when an attorney of record, through no fault of his own, is denied notice of a critical determination in his client's case and by reason thereof fails to take the procedural steps necessary to preserve his client's rights. *Mountain States Telephone & Telegraph Co. v. Department of Labor*, 184 Colo. 334, 520 P.2d 586 (1974); *Patterson v. Industrial Commission*, 39 Colo.App. 255, 567 P.2d 385 (1977).

■ Further, in *Mountain States, supra*, the court held that in a proceeding before the Industrial Commission, "notice of decisions affecting the substantial rights of the parties must be given to their attorneys" even though not required by statute. This rule applies here. Claimant's due process rights were violated by claimant's attorney not being furnished with a copy of the admission of liability. *See Mountain States Telephone & Telegraph Co. v. Department of Labor, supra; Patterson v. Industrial Commission, supra.* Under these circumstances, time limitations did not commence to run until claimant's attorney first received notification, following his request for a hearing in January 1984, that the admission of liability had been filed.

Pursuant to § 8–53–113, C.R.S. (1985 Cum.Supp.), a petition to reopen a compensation award must be filed "within six years from the date of injury or at any time within two years after the date the last compensation becomes due and payable, whichever is longer."

The six-year term had expired prior to the filing of the petition. The record fails to disclose the date when the last compensation here became due and payable. However, even assuming that that date coincided with the date of the filing of the admission, April 7, 1978, the two-year period, being tolled by the failure to notify claimant's attorney, had not expired. Therefore, it was error for the Industrial Commission to deny the petition to re-open.

### II.

■ Claimant also contends that the Commission erred in ruling that the peti-

tion should not have been granted for failure to comply with Industrial Commission Rule XB, 7 Code Colo.Reg. 1101–3, because the physician's report did not contain an estimate of percentage of impairment and periods of temporary disability. We agree.

In *Chavez v. Industrial Commission*, 714 P.2d 1328 (Colo.1985), we held that where, as here, the hearing officer granted a petition to reopen even though the physician's report was deficient, that decision was not an abuse of discretion and that, "[t]herefore, it was error for the Commission to reverse the decision of the hearing officer based on the technical insufficiency of the petition." That case is controlling here.

In view of the foregoing rulings, it is not necessary to rule on claimant's remaining contentions.

The order of the Commission is set aside, and the cause is remanded with directions to reinstate the hearing officer's order of June 21, 1984.

ENOCH, C.J., and HODGES *, Justice concur.