**Augustine Orlando CORDOVA, Plaintiff-Appellant,**

v.

**Frank MANSHEIM, Executive Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

No. 85CA0471.

Colorado Court of Appeals, Div. I.

Aug. 7, 1986.

Thompson, Koeberle, Moreland & Greschler, P.C., Ira E. Greschler, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Buch, Asst. Atty. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

Augustine Orlando Cordova appeals the judgment of the district court affirming the revocation of his driver's license. We affirm.

After a routine traffic stop and administration of roadside sobriety tests, Cordova was arrested for driving a motor vehicle under the influence of alcohol. Breath tests were administered and showed a concentration of .169 grams of alcohol per 220 liters of breath. He was charged with a violation of § 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17), and his license was revoked. The district court affirmed the revocation, and this appeal ensued.

I.

On appeal, Cordova contends that the district court erred in affirming revocation of his license because the statutory provisions for commencement of revocation proceedings are unconstitutionally vague. He points out that, under § 42–2–122.1(1)(b) and (2)(a), the Department of Revenue (Department) is without jurisdiction to proceed until it receives a verified report from the investigating officer containing "all information relevant to the enforcement action." He argues, however, that relevancy is a concept the meaning of which "depends entirely on its context," and that "reasonable people can and do differ as to what is relevant in any particular situation." Accordingly, he concludes that because of this impreciseness in the concept of relevancy, the Department has "boundless discretion to decide when the exercise of its jurisdiction is appropriate on a case by case basis" in violation of due process of law. We do not agree.

Section 42–2–122.1, C.R.S. (1984 Repl.Vol. 17) vests the Department with authority to "revoke the license of any person upon its determination that the person ... [d]rove a vehicle in this state when the amount of alcohol in such person's blood was ... 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the alleged offense or within one hour thereafter...."

Determination of these facts is to be made on the basis of a verified report by the arresting officer that contains:

"all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated § 42–4–1202(1.5), a report of the result of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court."

Section 42–2–122.1(2)(a), C.R.S. (1984 Repl. Vol. 17). *See* § 42–2–122.1(1)(b), C.R.S. (1984 Repl.Vol. 17). This report is to "be made on forms supplied by the department or in a manner specified by rule or regulation of the department." Section 42–2–122.1(2)(c), C.R.S. (1984 Repl.Vol. 17).

The standard report promulgated by the Department requires the investigating officer to submit copies of the summons and complaint, the breath instrument results, the offender's driver's license, and all of his notes and reports. Here, all of these items, including an arrest report providing a detailed description of the officers' original observations of Cordova's vehicle, the initial stop, administration of the sobriety tests, the arrest, and the breath test, were submitted to the Department and admitted into evidence.

Information regarding the officers' grounds for reasonable belief that a viola-

tion of § 42–4–1202(1.5) had occurred, required by the form, and copies of Cordova's driver's license, the citation and complaint, and the test results, satisfy the specific requirements of § 42–2–122.1(2)(a). Although many different issues may arise in a revocation proceeding, *see, e.g., Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo.1986) (identity of driver, evidentiary basis for chemical tests, notice requirements), in further directing that an officer submit copies of all notes and records, the Department could hardly have done more to ensure submission of all relevant information.

We conclude that the form promulgated by the Department fulfills the legislative directive contained in § 42–2–122.1(2)(c), and that the information required by the statute and the form, taken together, provide adequate guidelines as to what information is necessary to invoke the jurisdiction of the Department. Thus, the jurisdictional requirements of the statute are fundamentally fair and sufficiently definite so as to ensure due process. *See Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 570 P.2d 518 (1977); *Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment,* 184 Colo. 334, 520 P.2d 586 (1974).

## II.

Cordova next asserts that the Department was without jurisdiction to revoke his license because the report forwarded to the Department by the police officer was not properly verified. We disagree.

■ Two officers arrested Cordova and both signed the summons and complaint. Only one of them signed the § 42–2–122.1 verification form and the intoxilyzer records, and only that officer testified at the revocation hearing. It is uncontroverted, however, that the arrest report included in the record was prepared by the officer who did not testify and that it contained some information not within the personal knowledge of the testifying officer, including observations made upon initial contact with Cordova and advisements given him regarding roadside sobriety tests.

Cordova contends that the officer who prepares the arrest report is required to verify it and concludes that because that was not done here, "all information relevant to the enforcement action" was not properly verified within the meaning of § 42–2–122.1(2)(a) and (1)(b).

However, neither of these statutory sections requires every officer who is involved in a DUI arrest to file or verify a report. The statute refers to "a law enforcement officer who arrests any person" not "both" or "all" officers; it is uncontroverted that, here, both officers arrested Cordova. Further, in *Renck v. Motor Vehicle Division,* 636 P.2d 1294 (Colo.App.1981), we held that a fellow officer could initiate implied consent proceedings by submitting a report statutorily required of "a law enforcement officer."

■ Section 42–2–122.1 is remedial in nature and is to be liberally construed in the public interest. *Irey v. Neilson,* 716 P.2d 486 (Colo.App.1986). We conclude that the rationale of *Renck v. Motor Vehicle Division, supra,* is applicable here and that, thus, the Department was not without jurisdiction to revoke plaintiff's driver's license.

Further, to the extent that Cordova objects to the testimony as incorporating hearsay, we note that the testifying officer personally observed Cordova's vehicle prior to the investigative stop and that, although he did not administer the sobriety tests, he observed their performance. His form report included this information. Therefore, although findings made by a hearing officer may not be based solely on hearsay, *see Kirke v. Motor Vehicle Division,* 724 P.2d 77 (Colo.App.1986), such was not the case here.

## III.

■ We also disagree with Cordova's assertion that the suspension proceedings are void because the hearing officer is responsible to an individual, the executive director of the Department, who controls both prosecutorial and judicial functions of the Department in violation of due process and the State Administrative Procedures Act.

Section 24–4–105(6), C.R.S. (1982 Repl. Vol. 10) provides:

"No person engaged in conducting a hearing or participating in a decision or an initial decision shall be responsible to or subject to the supervision or directions of any officer, employee, or agent *engaged in the performance* of investigatory or prosecuting function for the agency." (emphasis supplied)

The executive director is empowered to preside at revocation hearings but authorizes and designates hearing officers as his representatives to perform this function. *See* § 42–2–122.1(8)(a), (b), C.R.S. (1984 Repl. Vol. 17). Although the executive director is also empowered to administer and enforce vehicle and traffic regulations, § 42–1–201, C.R.S. (1984 Repl.Vol. 17), we find no statutory provision indicating that the executive director is one who is "engaged in the performance of investigatory or prosecuting functions" of the Department.

Cordova's other contentions of error are without merit.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.