**Norman Wilfred FORVILLY, Plaintiff-Appellee,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.**

No. 85CA0556.

Colorado Court of Appeals, Div. I.

Sept. 4, 1986.

Rehearing Denied Oct. 23, 1986.

Marvin Dansky, P.C., Marvin Dansky, Jack Le Prowse, Westminster, for plaintiff-appellee (on the briefs).

Norman Wilfred Forvilly, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellant.

STERNBERG, Judge.

The Department of Revenue appeals from a judgment of the trial court which vacated its order revoking the driver's license of Norman Wilfred Forvilly. We affirm.

Forvilly's vehicle was observed weaving from lane to lane. The investigating officer stopped the vehicle and Forvilly appeared to be drunk. Forvilly refused roadside sobriety tests and was arrested for driving under the influence.

Forvilly agreed to submit to a chemical test of his blood alcohol content. He was transported to a nearby hospital where a sample of his blood was drawn, and the specimen was sealed and forwarded to a testing laboratory. Analysis revealed that it contained .225 grams of alcohol per 100 milliliters of blood.

At the revocation hearing, Forvilly objected to admission of the blood test results on the ground that no foundation had been laid, by expert opinion or otherwise, to establish that the blood sample had been drawn in accordance with rules and regulations of the Colorado Board of Health. *See* § 42–4–1202(3)(b), C.R.S. (1984 Repl.Vol. 17); Department of Health Rules and Regulations I.A.1.a and I.A.1.b, 5 Code Colo. Reg. 1005.2. The hearing officer revoked Forvilly's license but this order was vacated upon district court review.

On appeal, relying on *Miller v. Motor Vehicle Division,* 706 P.2d 10 (Colo.App. 1985), the Department contends that the trial court erred. We do not agree.

In *Miller v. Motor Vehicle Division, supra,* we held that introduction into evidence of the investigating officer's report, when

coupled with the officer's testimony that he observed a registered nurse draw the specimen, that it was forwarded to a lab for testing, and that the results of the test showed a blood alcohol level in excess of the statutorily prescribed limit, constituted a *prima facie* case of compliance with Department of Health rules and regulations. A review of the record before us here, however, demonstrates that *Miller* is distinguishable on its facts.

Here, the arresting officer did not testify about the testing procedures except to identify the blood test results as those "received back" from a laboratory. His report included a form which contained the same information as the lab report questioned in *Miller v. Motor Vehicle Division, supra:* a consent, signed by Forvilly; blood test results accompanied by a certifying signature written above the legend "Signature of Toxicologist"; a statement that the specimen had been drawn in the presence of the arresting officer and sealed by him, signed by the arresting officer; and a statement that a blood sample had been drawn, with a signature, written above the legend "Signature of Doctor, Nurse or Technician," which was followed by the initials "MTA-SAP" and which purported to identify the drawer of Forvilly's blood. The information on this form, however, was not verified by oath or affirmation.

The verification that was provided in the officer's report referred only to statements made on the notice of revocation itself; it did not extend to accompanying documents. And, nothing on the form or otherwise in the record explained the initials "MTA-SAP" or identified the status of the drawer of the blood sample. The hearing officer merely assumed "that the person who drew this blood who has signed this document did properly fulfill their [sic] duties" and stated his opinion "that this document is sufficient to establish [the validity of the blood extraction procedure]...." Thus, there was nothing in the record which identified the person taking the blood sample as one who was "a physician, a registered nurse, a [certified] paramedic ... [a certified] emergency medical technician ... or a

person whose normal duties include withdrawing blood samples under the supervision of a physician or a registered nurse" as required by § 42-4-1202(3)(b), C.R.S. (1984 Repl.Vol. 17).

In *Miller v. Motor Vehicle Division, supra,* the person taking the blood sample was identified in the arresting officer's testimony as a registered nurse, thus satisfying the requirements imposed by statute and Department of Health regulations. Absent such evidence, the order of revocation cannot stand, and we conclude that the trial court did not err in vacating it.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.