Tracy Lee KNOX, Plaintiff-Appellee,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellant.

No. 86CA0860.

Colorado Court of Appeals, Div. I.

May 21, 1987.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

The Department of Revenue (Department) appeals the judgment of the district court reversing the revocation of the driver's license of Tracy Lee Knox. We reverse.

Knox was injured when his car was involved in a collision. Conscious but combative and incoherent, he was taken to a hospital. The arresting officer ordered a blood sample drawn. A fellow officer observed collection of the sample and delivered it to the arresting officer. Analysis of the sample showed a blood alcohol content of 0.187 grams of alcohol per 100 milliliters of blood.

The arresting officer testified at the license revocation hearing. The hearing officer admitted into evidence the arresting officer's report, which included the test results. Knox objected to the report on grounds of hearsay and lack of foundation. The hearing officer overruled Knox's objection and revoked his license for one year.

The district court reversed and reinstated the license, holding that the foundation for the test results was inadequate because the officer who observed collection of the sample did not testify.

The Department contends that a sufficient foundation was laid for admission of the test results. We agree.

The regulation concerning blood tests for alcohol content requires that "blood samples shall be collected in the presence of the arresting officer or *other responsible person* who can authenticate the samples." Department of Health Rules & Regulations I.A.1.a., 5 Code Colo. Reg. 1005–2 (emphasis added). Thus, the regulation's plain language indicates that the arresting officer is not the only person who may observe the sample collection. *Miller v. Motor Vehicle Division*, 706 P.2d 10 (Colo.App.1985) provides no authority to the contrary, and the district court therefore erred in concluding otherwise.

Here, the arresting officer testified to his fellow officer's observation of the sample collection. This testimony, along with the written report, was adequate to authenticate the sample, establish the time of its collection, and lay the foundation for admission of the test results. *See Kelln v. Department of Revenue*, 719 P.2d 358 (Colo.App.1986); *Miller v. Motor Vehicle Division, supra.* There was thus no need for the fellow officer to appear and testify. *See Cordova v. Mansheim*, 725 P.2d 1158 (Colo.App.1986); *Renck v. Motor Vehicle Division*, 636 P.2d 1294 (Colo.App.1981).

Accordingly, the hearing officer's decision was supported by substantial evidence, and the district court erred in reversing it. *See DeScala v. Motor Vehicle Division*, 667 P.2d 1360 (Colo.1983).

The judgment is reversed and the cause is remanded to the district court with instructions to reinstate the revocation.

PIERCE and VAN CISE, JJ., concur.