**Gerald RYAN, Plaintiff-Appellant,**

v.

**Alan CHARNES, Executive Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

**No. 85SA469.**

Supreme Court of Colorado, En Banc.

June 15, 1987.

Treece, Bahr & Arckey, James L. Treece, Thomas J. Arckey, Littleton, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendant-appellee.

QUINN, Chief Justice.

The Department of Revenue (department) suspended the driver's license of the appellant, Gerald Ryan, for accumulation of excessive points for traffic violations, and the district court affirmed the order of suspension. Ryan challenges the order of suspension on the basis that he did not receive constitutionally adequate notice of the prior traffic violations on which the suspension hearing was predicated and that the department acted in an arbitrary and capricious manner in entering the suspension order.[1] We affirm the judgment.

### I.

In November, 1982, Ryan received a notice mailed from the department which stated, in pertinent part as follows:

You will please take notice that a hearing will be held to determine whether your driver's license or driving privilege should be suspended. The records of this department show that your driver's license or driving privilege is subject to suspension[,] 42-2-123 C.R.S. (1973) as amended. It is hereby ordered that you shall appear in person at the district office of the department hearing section 140 W 6th Avenue Denver CO 80204 at 12 00 noon on the 29th day of November 1982.

If you should fail to appear at the aforementioned time and place, your license or privilege to drive may be suspended without further notice. You are

---

1. This appeal was originally filed in the court of appeals, but this court later accepted appellate jurisdiction over the case pursuant to section 13–4–110, 6 C.R.S. (1973).

further notified that you may have your attorney appear with you at the hearing.

Tickets will be available at the hearing if requested by 11/19/82. PH 866–3751. Ryan's driving record, which was on file at the department and available to him on request, indicated that he had been convicted of traffic violations resulting in the assessment of ten points within a twelve-month period while driving with a provisional license.[2] Under section 42–2–123(1)(a), 17 C.R.S. (1984), the department has the authority to suspend the license of a provisional driver who has accumulated eight points within any twelve consecutive months, "except that the accumulation of points causing the subjection to suspension of the license of a chauffeur who, in the course of his employment, has as his principal duties the operation of a motor vehicle shall be sixteen points in one year ... if all such points are accumulated while said chauffeur is in the course of his employment." [3]

At the suspension hearing, Ryan, who was represented by counsel, unsuccessfully challenged as violative of due process the departmental practice of not itemizing point violations on the notice of hearing. He also contested the validity of a 1982 conviction for a three-point traffic violation for speeding. It was Ryan's testimony that he was employed as a driver for a company when he was ticketed for speeding and that he entered a guilty plea based on the district attorney's assurance that the points would be assessed against his chauffeur's license only and not against his personal driver's license. The hearing officer entered an order of suspension for six months and authorized a restricted driver's license due to the location and nature of Ryan's employment.[4]

Ryan appealed the order of suspension to the district court, claiming that the department violated his due process rights by its failure to provide him with an itemized accounting of his prior traffic violation convictions and that the hearing officer acted in an arbitrary and capricious manner by entering the order of suspension in view of the allegedly invalid three-point violation entered against his driving record. The district court affirmed the suspension order, and this appeal followed.

II.

Ryan claims that the department's practice of sending out suspension notices which do not specifically list the underlying traffic offenses and their corresponding point assessments does not comport with due process of law. U.S. Const. amend. XIV; Colo. Const. art. II, § 25. We find his claim devoid of merit.

Due process protections apply to an administrative proceeding to suspend or revoke a driver's license, and adequate notice is an essential component of due process. *E.g., Ault v. Dep't of Revenue*, 697 P.2d 24, 27 (Colo.1985). Notice is adequate when it is reasonably calculated to apprise the driver of the pending action and afford him an opportunity to be heard. *E.g., Klingbeil v. State*, 668 P.2d 930, 932 (Colo. 1983).

In this case, the suspension notice given Ryan explicitly cited to section 42–2–123, 17 C.R.S. (1984), which describes the point system and the consequences of accumulating more than the permissible number of points. Knowledge of the statutory point system and the effect of excessive points on his driver's license is imputable to Ryan as the licensed driver.

---

2. Any person 18 years of age or older who has not reached his twenty-first birthday is licensed as a provisional driver. § 42–2–103(1)(b), 17 C.R.S. (1984).

3. Section 42–1–102(11), 17 C.R.S. (1984), states: "'Chauffeur' means every person who is employed for the principal purpose of operating a motor vehicle and every person who drives a motor vehicle while in use as a public or common carrier of persons or property."

4. Section 42–2–123(11), 17 C.R.S. (1984), provides that the suspended driver may be issued a probationary license for a period not to exceed the period of suspension, which probationary license "may contain such restrictions as the department deems reasonable and necessary and which may thereafter be subject to cancellation as the result of any violation of the restrictions imposed therein."

*Klingbeil,* 668 P.2d at 933. Furthermore, the face of the suspension notice itself provided Ryan with the telephone number and address of the department so that he could easily have obtained a copy of his driving record prior to the suspension hearing by contacting the department. *See* § 42–1–206, 17 C.R.S. (1984) (department records are public records open to inspection by public during business hours under reasonable rules prescribed by executive director of department); § 42–2–118(2), 17 C.R.S. (1986 Supp.) (department required to maintain record showing convictions of each licensee).

Due process of law does not demand that the state deliver to a passive party all potentially useful information in a revocation hearing. The notice sent to Ryan informing him of the hearing, the reason for the hearing, and the method for contacting the department with respect to prior traffic citations comported with due process of law.

### III.

Ryan also argues that the hearing officer acted arbitrarily and capriciously in disregard of his testimony that a district attorney had assured him that the three-point violation would be assessed only against his chauffeur's license and not his personal driving record. We are unpersuaded by Ryan's argument.

■ Under section 42–2–123(11), 17 C.R.S. (1984), the basic issue at a suspension hearing is whether the licensee has accumulated the requisite number of points within the prescribed period of time to require suspension of his driver's license. *Thurber v. Charnes,* 656 P.2d 702, 704 (Colo.1983). This determination is to be made by the hearing officer on the basis of the licensee's driving record, as reflected in the records of the department. *State v. Laughlin,* 634 P.2d 49, 51 (Colo.1981).

At the administrative hearing, it is the licensee's responsibility to challenge alleged mistakes in the records of the department as to his driving history, but he may not relitigate the issue of guilt as to the offenses shown on his record. Thus, even if a licensee has a meritorious claim that an underlying conviction is not valid, the department hearing officer cannot ignore the conviction until it has been ruled invalid and set aside by a court. *Id.* (citations omitted). Ryan took no action to vacate his prior three-point violation in the Arapahoe County Court prior to the suspension hearing. *See* § 42–4–1505.3, 17 C.R.S. (1984) (six-month limitation for collateral challenge to convictions for traffic infractions).

■ Since the suspension of a driver's license is based on the statutory point system, the decision to suspend a license "involves no discretion" and "therefore is not subject to abuse of discretion." *Elizondo v. Motor Vehicle Div.,* 194 Colo. 113, 119, 570 P.2d 518, 522 (1977). Indeed, it would have been patently erroneous for the hearing officer to have disregarded the three-point conviction entered in the Arapahoe County Court against Ryan's driving record. In no sense can the action of the hearing officer in this case be characterized as arbitrary and capricious.[5]

The judgment is accordingly affirmed.

---

5. We note that section 42–2–123(1)(a), 17 C.R.S. (1984), protects a person driving as a chauffeur against suspension notwithstanding the accumulation of 15 points or less within a 12–month period only if "all such points are accumulated while said chauffeur is in the course of his employment." There is no evidence in this record that Ryan's other traffic convictions arose out of the course of his employment as a chauffeur. Thus, the hearing officer had no choice but to enter an order of suspension under the statutory scheme.