Leslie **RENCK, Plaintiff-Appellant,**

v.

**MOTOR VEHICLE DIVISION Department of Revenue, State of Colorado, Defendant-Appellee.**

**No. 80CA1117.**

Colorado Court of Appeals, Div. II.

July 2, 1981.

Rehearing Denied July 30, 1981.

Certiorari Denied Nov. 16, 1981.

Lloyd C. Kordick, Colorado Springs, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard E. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendant-appellee.

TURSI, Judge.

Leslie Renck appeals the judgment of the trial court affirming a three month revocation of driving privileges under the implied consent act. We affirm.

Renck was stopped for speeding by a patrol officer and was detained at the scene until members of the local department's "D.U.I." squad arrived. An officer with the squad observed Renck, administered a "roadside sobriety" test, and then advised him that he was under arrest for driving under the influence of alcohol. After being arrested, Renck was advised pursuant to the implied consent act, § 42–4–1202(3), C.R.S.1973. When asked to submit to a blood alcohol determination test, he stated that he "didn't think it was necessary." The "D.U.I." officer notified the department by sworn report that he had reasonable grounds to believe Renck had been driving under the influence of alcohol and that he had refused to submit to a chemical test. At the revocation hearing the patrol officer who had originally stopped Renck was not present.

Renck contends that since he was effectively arrested by the patrol officer, that officer was the only one who could set the implied consent procedure in motion. We disagree.

It is undisputed that the patrol officer had effectively placed Renck under arrest for speeding and detained him at the scene so that the "D.U.I." squad could determine whether to make a formal arrest upon the charges of driving under the influence of alcohol. *See Ayala v. Department of Revenue*, Colo.App., 603 P.2d 979 (1979).

There is no proscription in § 42–4–1202, C.R.S.1973, against an officer first making an arrest for a moving violation, and then, if reasonable grounds exist to believe that the person driving is also under the influence of alcohol, personally or by fellow officer, instituting the procedures under the implied consent act. *See Johnson v. Motor Vehicle Division*, 38 Colo.App. 230, 556 P.2d 488 (1976). Further, in construing this statute, we conclude that, though it uses "arresting officer" in the singular, the singular includes the plural. Section 2–4–102, C.R.S.1973 (1980 Repl.Vol. 1B).

Renck's contention that the "D.U.I." squad officer was not competent to testify to reasonable grounds for believing that he was driving under the influence is without merit. His fellow officer informed him of the driving which precipitated the stop, and his own observation of Renck supplied factors upon which a reasonable grounds determination of being under the influence could be based. *See People v. Hamilton*, 188 Colo. 250, 533 P.2d 919 (1975); *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971); *See also Zullo v. Charnes*, 41 Colo.App. 544, 587 P.2d 1203 (1978).

Finally we address Renck's contention that he did not refuse to take a blood alcohol determination test. An arresting officer should not lightly construe words and actions of a driver to constitute a refusal to be tested. *See Zahtila v. Motor Vehicle Division*, 39 Colo.App. 8, 560 P.2d 847 (1977). However, in this case there is substantial evidence to sustain the finding of the department that Renck did effectively refuse to submit to the offered tests. Accordingly, that finding is binding on review.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.