Thomas Wesley KIRKE,
Plaintiff-Appellant,

v.

**COLORADO DEPARTMENT OF REVE-
NUE, MOTOR VEHICLE DIVISION,**
Defendant-Appellee.

No. 84CA1017.

Colorado Court of Appeals,
Div. II.

Jan. 23, 1986.

Rehearing Denied Feb. 20, 1986.

Certiorari Granted (Dept. of Revenue)
Aug. 25, 1986.

Dworkin and Craw, Jeffrey Dworkin, Colorado Springs, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellee.

METZGER, Judge.

Plaintiff, Thomas Wesley Kirke, appeals a district court judgment affirming the revocation of his driver's license. We reverse and remand with directions that plaintiff's driver's license be reinstated.

During the investigation of a two-car traffic accident, a DUI enforcement officer was called to the accident scene and was informed by an officer already there that plaintiff was the driver of one of the vehicles involved in the accident. There is nothing in the record which would indicate how the officer obtained this information, nor is there any other evidence in the record which would tend to show that plaintiff was driving a motor vehicle. The DUI officer arrested plaintiff when plaintiff was unable to complete a roadside sobriety test. After a complete advisement pursuant to the implied consent law then in force, plaintiff refused to submit to an intoxilyzer test.

At the revocation hearing, only the DUI officer appeared to testify. Plaintiff objected on hearsay grounds to the DUI officer's testimony that another officer had told him that plaintiff was driving. The hearing officer overruled the hearsay objection, and revoked plaintiff's driver's li-

cense. The district court affirmed the revocation order on appeal.

Plaintiff contends the district court erred in affirming the hearing officer's revocation because there was no non-hearsay evidence that plaintiff was driving. We agree.

 The due process protections of the United States and Colorado constitutions require that a driver be given the opportunity for a hearing before the state may terminate his driving privilege. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Heninger v. Charnes*, 200 Colo. 194, 613 P.2d 884 (1980). The hearing required by the due process clause must be appropriate to the nature of the case and may not exclude evidence that would be relevant to determination of the issue that is the subject of the hearing. *Bell v. Burson, supra; Mameda v. Colorado Department of Revenue*, 698 P.2d 277 (Colo.App.1985).

An appropriate administrative hearing is one in which the parties are apprised of all evidence to be submitted and considered, one in which they have the right of cross-examination, and one in which they are given the opportunity of rebuttal. *Weld County Kirby Co. v. Industrial Commission*, 676 P.2d 1253 (Colo.App. 1983). This due process right to cross-examination is reflected in several cases that have refused to allow a hearing officer to base findings solely on hearsay evidence. *See Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981); *Romero v. Industrial Commission*, 616 P.2d 992 (Colo.App. 1980); *Allen v. Industrial Commission*, 36 Colo.App. 330, 540 P.2d 358 (1975).

Here, the purpose of the driver's license revocation hearing was to determine whether the request to take the chemical test was based upon reasonable grounds to believe that plaintiff had been driving a motor vehicle while under the influence of alcohol, whether the request was made as provided by statute, and whether the request was, in fact, refused. *See DuPuis v. Charnes*, 668 P.2d 1 (Colo.

1983); *Vigil v. Motor Vehicle Division*, 184 Colo. 142, 519 P.2d 332 (1974). However, the only evidence supporting the hearing officer's finding that the plaintiff had been driving a motor vehicle was hearsay. This use of only hearsay evidence to prove one of the key elements in the revocation hearing denied plaintiff his right to cross-examine the witnesses against him and, thus, denied plaintiff due process of law. Consequently, the district court erred in affirming the driver's license revocation.

The judgment of the district court is reversed and the cause is remanded to the district court with instructions to order that plaintiff's driver's license be reinstated.

VAN CISE and STERNBERG, JJ., concur.