Phillip SHELDON, Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.

No. 85CA1287.

Colorado Court of Appeals, Div. I.

April 16, 1987.

Rehearing Denied May 21, 1987.

Certiorari Denied (Sheldon) Sept. 8, 1987.

Thorburn, Sakol & Throne, Barre M. Sakol, Boulder, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellant.

PIERCE, Judge.

The Department of Revenue appeals the district court judgment reversing the revocation of the driver's license of plaintiff, Phillip Sheldon. We reverse.

In October 1984, a D.U.I. (enforcement) police officer was called to the scene of a traffic stop by a fellow policeman. Upon arriving at the scene, the enforcement officer was informed by his fellow officer that plaintiff had been driving erratically. The enforcement officer then watched plaintiff exit the car from the driver's seat and requested him to submit to a roadside sobriety test. After failing that test, plaintiff was arrested by the enforcement officer. A blood test was administered and results showed plaintiff's blood alcohol content was above the statutory limit.

Subsequently, the enforcement officer filed a verified report of all information relevant to the enforcement action as required by 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17). The officer's report included a statement of the grounds for believing that plaintiff had been driving while under the influence. These grounds were partially based upon the information provided by his fellow officer that plaintiff had been driving erratically.

At the revocation hearing, the hearing officer revoked plaintiff's license, finding that the policeman making the stop had reasonable grounds to believe plaintiff was driving a motor vehicle while under the influence of alcohol. Plaintiff appealed that revocation to the district court.

## I.

The district court reversed the revocation and reinstated plaintiff's driving privileges. It held that in order to verify a document, an officer must have some personal knowledge that the statements to which he is swearing are true. Therefore, it concluded that, because the arresting officer had no personal knowledge that plaintiff was driving erratically, the report was improperly verified. We disagree with the court's reasoning.

Section 42–2–122.1(2)(a), provides that:

"A law enforcement officer who arrests any person for a violation of section 42–4–1202(1.5) shall forward to the Department a verified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, [and] a statement of the officer's grounds for belief that the person violated section 42–4–1202(1.5). . . ."

■ Although the statute requires the forwarding of a verified report, there is nothing in the statute which requires the arresting officer to have personal knowledge of every fact stated within the report. The relevant part of the statute provides only that the verified report contain a statement of the officer's grounds for belief that the arrestee violated § 42–4–1202(1.5). Thus, as long as the verified report contains the information specified by the statute, the procedural requirements of § 42–2–122.1(2)(a) have been met. Therefore, we find no basis for the trial court's conclusion that the statute requires the arresting officer to have personal knowledge of all facts contained in the report itself.

In our view, the trial court's analysis pertains more to the separate question of whether the grounds for belief listed in the statement are legally sufficient to justify the revocation of the arrestee's license. As to this question, our holding in *Renck v. Motor Vehicle Division*, 636 P.2d 1294 (Colo.App.1981) is dispositive here.

In *Renck v. Motor Vehicle Division, supra,* plaintiff was stopped by police for speeding and was then detained until members of the D.U.I. squad arrived. An officer with the squad conducted roadside sobriety tests and subsequently arrested plaintiff for driving under the influence. The squad officer later notified the department by sworn report that he had reasonable grounds to believe plaintiff had been driving under the influence of alcohol. At plaintiff's revocation hearing, the squad officer was the only officer that testified. This court held that the squad officer was competent to testify as to reasonable grounds for believing that plaintiff was driving under the influence. This was because the squad member's fellow officer had informed him of the driving which precipitated the stop, and the squad member's personal observations of plaintiff supplied factors upon which reasonable grounds could be based.

■ Likewise, here, the arresting officer was relying upon information supplied by his fellow officer. As he arrived at the scene, the arresting officer observed plaintiff seated in the driver's seat of the vehicle. The officer then witnessed plaintiff exit the car and perform roadside maneuvers. The information supplied by his fellow officer coupled with his own personal observations of plaintiff constituted reasonable grounds for a determination by the officer that plaintiff had been driving under the influence. *See Renck v. Motor Vehicle Division, supra.*

## II.

Citing *Kirke v. Colorado Department of Revenue Motor Vehicle Division,* 724 P.2d 77 (Colo.App.1986), plaintiff contends that his revocation cannot stand. We disagree.

While somewhat similar to the present case, *Kirke* is factually distinguishable. There, an enforcement officer arrived at the scene of a two-car accident. He was then informed by a fellow officer, who was already present, that the plaintiff was the driver of one of the vehicles involved in the accident. However, there was nothing in the record supporting this statement, nor was there any indication as to how his fellow officer had obtained this information. At a subsequent revocation hearing,

plaintiff's driver's license was revoked even though the only testimony was that of the enforcement officer. This court reversed, holding that due process considerations precluded a critical element from being established solely by unreliable hearsay evidence.

Unlike *Kirke*, the arresting officer here was relying upon information provided him by the policeman who had made the initial stop of the vehicle. In addition, the arresting officer saw plaintiff exit from the driver's seat of the car. Thus, under the facts of this case, the arresting officer could properly rely upon the information supplied to him by his fellow officer in determining that plaintiff was the driver of the vehicle. Likewise, his testimony was sufficient to sustain the revocation order. *See Sanger v. Colorado Department of Revenue*, 736 P.2d 431 (Colo.App.1987).

Therefore, the judgment of the trial court is reversed and the cause is remanded to the trial court with directions to reinstate the revocation.

KELLY and METZGER, JJ., concur.