**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Petitioner,**

v.

**Thomas Wesley KIRKE, Respondent.**

**No. 86SC101.**

Supreme Court of Colorado, En Banc.

Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for petitioner.

No appearance on behalf of respondent.

VOLLACK, Justice.

The Motor Vehicle Division of the Colorado Department of Revenue [hereinafter DMV] appeals from the court of appeals' decision in *Kirke v. Colorado Department of Revenue, Motor Vehicle Division*, 724 P.2d 77 (Colo.App.1986) [hereinafter *Kirke*], which held that the use of only hearsay evidence to prove one of the elements in a driver's license revocation hearing resulted in a denial of the licensee's due process rights. On the basis of the alleged due process violation, the court of appeals ordered reinstatement of Kirke's driver's license. We reverse the court of appeals and remand with instructions to reinstate the revocation order.

## I.

In April 1983, respondent Thomas Wesley Kirke [hereinafter Kirke or licensee] was involved in a two-car traffic accident in Colorado Springs. A law enforcement officer arrived to investigate the accident. Because he suspected alcohol involvement, he called for assistance from an officer on the Driving Under the Influence [hereinafter DUI] enforcement team. When the DUI enforcement officer arrived, he was advised by the first officer that Kirke had been driving one of the vehicles involved in the accident and was seated in the patrol car. The DUI enforcement officer went to the patrol car and noted that Kirke had a heavy odor of alcohol, bloodshot eyes, and slurred speech. The DUI officer conducted a roadside sobriety test; Kirke failed the test and the DUI officer placed him under arrest. After the DUI officer advised him of his rights pursuant to the implied consent statute,[1] Kirke refused to submit to a blood or breath test. At Kirke's revocation hearing before a DMV hearing officer, his driver's license was revoked. The DUI enforcement officer testified at the revocation hearing, but the initial investigating officer did not appear. The DUI officer testified that he had been advised by the investigating officer "that Mr. Kirke was driving a motor vehicle that was involved in the accident he was investigating." Kirke objected to this testimony on hearsay grounds. The hearing officer overruled the hearsay objection and entered an order revoking Kirke's driver's license. On appeal, the district court affirmed the revocation order, finding that there was "nothing unreasonable about the hearing officer's accepting [the first officer's] simple factual declaration."

Kirke appealed to the court of appeals, arguing that the district court's affirmance was erroneous because there was no non-hearsay evidence presented at the revocation hearing to establish that he had been driving. The court of appeals agreed with this argument, concluding that the lack of non-hearsay evidence to support the finding that Kirke had been driving a motor vehicle violated Kirke's due process rights. *Kirke*, 724 P.2d at 78. Specifically, the court held that Kirke had been denied his right to confront and cross-examine witnesses. *Id.*

DMV appeals from the court of appeals' decision, and we granted certiorari on two issues: (1) whether revocation of a driver's license requires a finding that the licensee was in fact driving, or instead, a finding that the officer who requested that the driver submit to a chemical test had reasonable grounds to believe that the person was driving a motor vehicle while under the influence of, or impaired by, alcohol, and (2) whether the due process clauses of the United States and Colorado Constitutions require that every element of a driver's license revocation be supported by non-hearsay evidence at the administrative revocation hearing.

1. § 42–4–1202, 17 C.R.S. (1973).

## II.

This case arises from an automobile accident which occurred before the effective dates of the express consent and so-called "per se" statutes.[2] Accordingly, our analysis of the first issue is governed by the implied consent statute, which was in effect at the time of this accident. § 42–4–1202, 17 C.R.S. (1973). As it applies to revocation hearings, the implied consent statute states in pertinent part:

At such hearing, *it shall first be determined whether the officer had reasonable grounds to believe* that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol. If reasonable grounds are not established by a preponderance of the evidence, the hearing shall terminate, and no further action shall be taken. If reasonable grounds are established and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health or in conformity with the provisions of this section or if said person fails to attend without good cause shown, the department shall forthwith revoke said person's license to operate a motor vehicle....

§ 42–4–1202(3)(e), 17 C.R.S. (1973) (emphasis added).

"The terms 'reasonable grounds' and 'probable cause' are substantially the equivalent, and probable cause is held to exist where the facts and circumstances within the officer's knowledge and of which he has *reasonably trustworthy information* are sufficient to cause a reasonably cautious police officer to believe that an offense has been committed." *People v. Nanes,* 174 Colo. 294, 298–99, 483 P.2d 958,

961 (1971) (emphasis added). This probable cause approach has been adopted in the analysis of license revocation hearing issues, and requires case-by-case evaluation of the relevant facts and circumstances. *Zamora v. Department of Rev.,* 616 P.2d 1003 (Colo.App.1980). To determine whether the hearing officer erred in revoking Kirke's driver's license, we must decide whether the hearing officer correctly concluded, based on the evidence, that the DUI enforcement officer had "reasonable grounds to believe" that Kirke was driving a motor vehicle. In *Nanes,* we held that "reasonably trustworthy information may be based upon hearsay and need not be evidence sufficiently competent for admission at the guilt finding process." 174 Colo. at 299, 483 P.2d at 961. The test is whether the reasonably trustworthy information "warrants a reasonably cautious and prudent police officer in believing, in light of his training and experience, that an offense has been committed and that the person arrested probably committed it." *Id.*

The fellow officer rule provides that "an arresting officer who does not personally possess sufficient information to constitute probable cause may still make a warrantless arrest if (1) he acts upon the direction or as a result of a communication from a fellow officer, and (2) the police, as a whole, possess sufficient information to constitute probable cause." *People v. Baca,* 198 Colo. 399, 401, 600 P.2d 770, 771 (1979). A combination of facts personally observed by the arresting officer, along with information relayed to him by fellow officers, is sufficient. *People v. Saars,* 196 Colo. 294, 584 P.2d 622 (Colo.1978). Because the DUI officer here was acting on communication received from another officer, we must determine whether the police department as a whole had reasonable grounds to believe Kirke was driving,

---

**2.** This accident occurred in April 1983. At that time and at the time of Kirke's revocation hearing, the implied consent DUI statute was in effect. On July 1, 1983, the express consent statute became effective. § 42–4–1202, 17 C.R.S. (1984). The new legislation created the new "per se" offense of driving with a blood

alcohol content of 0.15 or higher, replaced the implied consent provisions with express consent, and changed DMV revocation procedures in alcohol-related offenses. § 42–2–122.1, 17 C.R.S. (1984). *See generally* Vitek, *The New Colorado "Per Se" DUI Law,* 12 Colo.Law. 1451 (1983).

based on the facts and circumstances known at the time.

The record shows that the investigating officer arrived at the accident scene, suspected the involvement of alcohol, and requested the assistance of a DUI enforcement officer. When the DUI officer arrived, the investigating officer advised him that Kirke had been driving one of the vehicles and was seated in the back seat of the patrol car. The DUI officer did not know how the investigating officer had learned that Kirke was driving. The DUI officer contacted Kirke in the patrol car and observed that he had an odor of alcohol, slurred speech, and bloodshot eyes. Based on his own observations, the information received from the investigating officer, and the fact that Kirke did not deny the written allegation in the advisement form that he had been driving a motor vehicle, the DUI officer concluded that Kirke had been driving and requested that he submit to a chemical test.

■ The test is whether these facts and circumstances constituted "reasonable grounds" for the DUI officer to believe that Kirke had been driving. The arresting DUI officer "had the right to rely upon the information relayed to him by his fellow law enforcement officers." *Nanes*, 174 Colo. at 300, 483 P.2d at 962. The DUI officer testified that the investigating officer "did advise me that Mr. Kirke was the driver of a motor vehicle involved in the accident," but also testified that he had "no knowledge" as to whether the investigating officer had been a witness to the accident. Because the investigating officer was acting in his professional capacity, his statement to a fellow officer was reasonably trustworthy information. "Information gained by the observations of a police officer may be presumed to be credible and reliable." *People v. Cook*, 665 P.2d 640, 643 (Colo.App.1983). At the scene, the DUI officer observed the disabled vehicles

that had been in the accident, and found the suspected drunk driver seated in the patrol car. An officer is expected to make the "reasonable grounds" determination "in light of his training and experience." *Saars*, 196 Colo. at 300, 584 P.2d at 626. Although the record does not reveal the source of the investigating officer's information, there is no suggestion or claim that his knowledge came from some other source that was unreliable. Information available to the police "must be viewed in a common sense and realistic fashion." *Cook*, 665 P.2d at 643. In addition, Kirke made no assertion and presented no evidence at the revocation hearing tending to establish that he was not driving. "Failure to contest an assertion ... is considered evidence of acquiescence ... if it would have been natural under the circumstances to object to the assertion in question." *Baxter v. Palmigiano*, 425 U.S. 308, 319, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976) (quoting *United States v. Hale*, 422 U.S. 171, 176, 95 S.Ct. 2133, 2136–37, 45 L.Ed.2d 99 (1975)).

We conclude that the facts observed by the arresting DUI officer, "combined with reliable information conveyed to him by fellow officers," were sufficient to justify a reasonably cautious officer's conclusion "that an offense had been committed and that the [licensee] probably had committed it." *Saars*, 196 Colo. at 300, 584 P.2d at 626. Accordingly, we reverse the court of appeals' reversal of the district court, based on our analysis under the implied consent statute.

### III.

We granted certiorari[3] to decide the question whether the due process protections of the United States and Colorado Constitutions require that each element at a driver's license revocation hearing be established by non-hearsay evidence. Al-

---

**3.** We granted certiorari in four similar cases; in all four cases the court of appeals found the due process holding in *Kirke v. Colorado Department of Rev.*, 724 P.2d 77 (Colo.App.1986), to be dispositive. The related cases have been decided on the same day and are the following:

*Charnes v. Lobato*, 743 P.2d 27 (Colo.1987); *Charnes v. Olona*, 743 P.2d 36 (Colo.1987); *Colorado Division of Rev. v. Lounsbury*, 743 P.2d 23 (Colo.1987); *Heller v. Velasquez*, 743 P.2d 34 (Colo.1987).

though the analysis under the former implied consent statute is dispositive of this case, the court of appeals decided *Kirke* on due process grounds, and has applied that holding in its opinion in *Kirke* as precedent in later cases.[4] For that reason, we address the court of appeals' due process holding in *Kirke*.

Before DMV can revoke a driver's license, the licensee is entitled to notice and an administrative hearing. *People v. McKnight*, 200 Colo. 486, 494, 617 P.2d 1178, 1184 (1980). This court has previously held that the statutory procedures applicable to a revocation hearing "are fully adequate to accord procedural due process to the licensee." *Id.* This case does not involve a challenge to the adequacy of these procedures. Rather, what is involved is the constitutional validity of permitting an element of the state's case in a DMV revocation hearing to be established by hearsay evidence alone.

**A.**

■ License revocation proceedings are civil in nature; the protections afforded criminal defendants do not apply. *McKnight*, 200 Colo. at 493, 617 P.2d at 1183. The purpose of a revocation hearing is to "determine if, notwithstanding the violation, the licensee should be allowed the use of the public highways." *Campbell v. Colorado*, 176 Colo. 202, 208, 491 P.2d 1385, 1388 (1971). At the time of Kirke's hearing, Colorado's Administrative Procedure Act [hereinafter APA] governed DMV revocation hearings.[5] § 24-4-105, 10 C.R.S. (1982).

This court determined in *McKnight* that the APA procedures, which provide the licensee with notice and the right to a hearing, satisfy procedural due process requirements. 200 Colo. at 494, 617 P.2d at 1184. Provisions of the APA apply "[i]n order to assure that all parties to any agency adjudicatory proceeding are accorded due process of law." § 24-4-105(1). The APA provides the hearing officer authority to "sign and issue subpoenas," which are to "be issued without discrimination between public and private parties." § 24-4-105(4), (5). The "proponent of an order" has the burden of proof; every party has the right "to present his case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." § 24-4-105(7). Finally, the APA provides that:

when necessary to do so in order to ascertain facts affecting the substantial rights of the parties to the proceeding, the person so conducting the hearing may receive and consider evidence not admissible under [the rules of evidence governing civil non-jury cases in district court] *if such evidence possesses probative value commonly accepted by reasonable and prudent men [sic] in the conduct of their affairs.*

*Id.* (emphasis added).

■ "Under the State Administrative Procedure Act, the Department of Revenue hearing officer has some flexibility in his adherence to the civil rules of evidence in order to promote the fact finding process." *Fish v. Charnes*, 652 P.2d 598, 602 (Colo. 1982) (citation and footnote omitted). The applicable test at an administrative hearing is not whether certain evidence is admissible under the strict rules of evidence; the standard is "whether the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs." *Fueston v. Colora-*

---

4. *See supra* note 3.

5. In 1983, the legislature passed the so-called "per se" statute which now specifically controls this type of license revocation. § 42-2-122.1, 17 C.R.S. (1984). Subsection (8) of the statute provides:

The presiding hearing officer shall have authority to administer oaths and affirmations; to examine witnesses and take testimony; to receive *relevant evidence;* to *issue subpoenas,*

take depositions; or cause depositions or interrogatories to be taken; to regulate the course and conduct of the hearing; and to make a final ruling on the issue.

§ 42-2-122.1(8)(b), 17 C.R.S. (1984) (emphasis added). A subsequent provision provides that the APA shall apply "to the extent it is consistent with subsections (7), (8), and (9) of this section relating to administrative hearings." § 42-2-122.1(10), 17 C.R.S. (1984).

*do Springs*, 713 P.2d 1323 (Colo.App.1985); § 24–4–105(7), 10 C.R.S. (1982). This standard is not without limits: the rules of evidence cannot be so relaxed as to disregard due process of law and fundamental rights. *Puncec v. City & County of Denver*, 28 Colo.App. 542, 544, 475 P.2d 359, 360 (1970). The U.S. Supreme Court has held that "[t]he matter comes down to the question of the procedure's integrity and fundamental fairness." *Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971) (upholding the use of hearsay reports in social security disability hearings). The question here is whether the use of only hearsay evidence to establish an element at a revocation hearing violates the standards of the APA.[6]

■ Based on the language of the APA and due process principles, we believe that the use of only hearsay evidence to establish a revocation element does not deny the licensee due process, as long as the hearsay is sufficiently reliable and trustworthy, and as long as the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. The underlying policy in providing flexibility in the admission of evidence at an administrative hearing is to promote the fact-finding process. *Fish v. Charnes*, 652 P.2d at 602. The disputed evidence here is the hearsay testimony of a DUI enforcement officer. His testimony was that he had been called to an accident scene by the initial investigating officer who suspected the involvement of alcohol. The DUI officer testified that upon his arrival, the investigating officer advised him that Kirke, the driver of one of the vehicles, was seated in the back seat of the investigating officer's patrol car. This was the only evidence presented at the hearing to establish that Kirke was driving a motor vehicle.

■ To avoid a due process violation, the hearsay evidence relied upon must be sufficiently reliable and trustworthy,[7] based on the particular circumstances of a case. If the hearsay is sufficiently reliable and trustworthy, and the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs, then a hearing officer may rely upon hearsay evidence alone in entering a finding of a revocation element.

The evidence here meets this test. The evidence is reliable, in part because the statement by the investigating officer to the DUI officer, identifying Kirke as the driver, was made after the investigating officer had requested the assistance of a DUI officer to determine whether there was alcohol involvement. The officer's statement to his fellow officer was made in connection with his law enforcement duties. These circumstances lead to our conclusion that the DUI officer's testimony was sufficiently reliable and trustworthy, and would be commonly accepted as reliable by reasonable and prudent persons.

Another significant factor which is important for due process analysis is that the licensee has the right to present evidence rebutting any element of the prima facie case. Section 24–4–105(4) provides a licensee the right to request that the hearing officer subpoena witnesses to attend the hearing. *Miller v. Motor Vehicle Div.*, 706 P.2d 10, 12 (Colo.App.1985). This statutory right provided Kirke with the opportunity to confront and cross-examine any of the officers involved. Specifically, Kirke had the right to subpoena the initial officer and cross-examine him, but failed to do so. Kirke also did not offer any evidence tending to establish that he was not driving. In *Richardson v. Perales*, a social security claimant had the same right to subpoena reporting physicians, but failed to do so.

---

6. Rule 1101(e) of the Colorado Rules of Evidence states that in special statutory proceedings the rules apply to the extent that matters of evidence are not provided for in the statute which governs the procedures therein. Section 24–4–105(7), 10 C.R.S. (1982), expressly addresses matters of evidence and thus provides the controlling norm in this case.

7. In the significantly stricter context of criminal and civil trials, a residual exception to the general hearsay rule has been adopted. CRE 803(24) provides for admission of certain hearsay evidence if the evidence has "equivalent circumstantial guarantees of trustworthiness," as long as other requirements are met. CRE 803(24), 7B C.R.S. (1986 Supp.).

The U.S. Supreme Court held: "This inaction on the claimant's part supports the [Fifth Circuit] Court of Appeals' view, that the claimant as a consequence is to be precluded from now complaining that he was denied the rights of confrontation and cross-examination." 402 U.S. 389, 405, 91 S.Ct. 1420, 1429, 28 L.Ed.2d 842 (1971) (citation omitted).

First, we conclude that the evidence relied upon under these circumstances "possesses probative value commonly accepted" by reasonable and prudent persons in the conduct of their affairs. Second, in light of the licensee's right to confront and cross-examine any of the involved officers, which is ensured by the statutory subpoena provision, we conclude that adequate safeguards are available in this administrative setting, and the licensee's due process rights have not been violated. On this issue, we reverse the court of appeals.

### B.

The court of appeals relied on *Sims v. Industrial Commission,* where we applied the so-called "residuum rule," requiring that any administrative determination be based on some non-hearsay evidence regardless of the reliability of the hearsay evidence admitted to support the administrative determination. 627 P.2d 1107, 1111 (Colo.1981). In *Bell v. Burson,* 402 U.S. 535, 540, 91 S.Ct. 1586, 1589–90, 29 L.Ed.2d 90 (1971), the Supreme Court of the United States recognized the principle that "[a] procedural rule that may satisfy due process in one context may not necessarily satisfy procedural due process in every case." *Compare Coates v. Califano,* 474 F.Supp. 812, 818 (D.Colo.1979) (citing *Richardson v. Perales,* 402 U.S. at 404–06, 91 S.Ct. at 1428–30 (1975)) ("[a]s a general matter, hearsay is admissible in an administrative hearing and can constitute substantial evidence if it has sufficient probative force") with *Benke v. Neenan,* 658 P.2d 860, 862 (Colo.1983) (in a challenge to a board of education dismissal, "[o]nly when *otherwise inadmissible hearsay* evidence is the *sole evidence* relied upon by the fact finder is a reversal proper" (emphasis added)) and *Williams v. New Amsterdam Cas-ualty Co.,* 136 Colo. 458, 464, 319 P.2d 1078, 1082 (1957) (in the worker's compensation area, "an award of the Industrial Commission requires support by 'competent evidence' "); *see also Kobilansky,* 358 N.W.2d at 786 (admission of hearsay documents at driver's license suspension hearing under implied consent law is not a denial of due process: "the only specific limitation to the admission of evidence in administrative hearings is that it must be probative").

The differing standards described above were each found appropriate to a particular type of proceeding. Based on the unique nature of a revocation hearing, we conclude that it is not erroneous for a hearing officer to rely on trustworthy and reliable hearsay evidence to establish a particular element at a revocation hearing.

To the extent that *Sims* might be interpreted to hold that *any* administrative determination must be based on some non-hearsay evidence, regardless of the reliability of hearsay evidence that has been admitted, we overrule that holding. The requirements that the hearsay evidence bear satisfactory indicia of reliability and that any administrative determination be supported by substantial evidence, not merely some evidence, provide the parties to an administrative proceeding with adequate safeguards against capricious fact-finding.

### IV.

The court of appeals erred in ordering the reinstatement of Kirke's driver's license, because the evidence presented at the hearing established that the facts known to the DUI officer met the reasonable grounds requirement of the implied consent statute. The court of appeals also erred in holding that the hearing officer could not rely on hearsay evidence alone to establish an element of revocation. As long as the hearsay is reliable and trustworthy and possesses probative value commonly accepted by reasonable and prudent persons, the hearing officer may rely on such evidence to prove a revocation element.

We reverse the court of appeals and remand for reinstatement of the revocation order entered by the hearing officer.