**Marvin HELLER, Hearing Examiner for the State of Colorado, Department of Revenue, Motor Vehicle Division; George Theobald, Hearing Division Director, Motor Vehicle Division, Department of Revenue of the State of Colorado; and Alan Charnes, Manager of the Department of Revenue, State of Colorado, Petitioners,**

v.

**Timothy VELASQUEZ, Respondent.**

**No. 86SC97.**

Supreme Court of Colorado,
En Banc.

Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for petitioners.

Mark D. Hanson, Fort Collins, for respondent.

VOLLACK, Justice.

The Colorado Department of Revenue, Motor Vehicle Division [hereinafter DMV], appeals from the court of appeals' unpublished opinion, *Velasquez v. Heller*, No. 85CA0049 (Colo.App. January 23, 1986) [hereinafter *Velasquez*]. In *Velasquez*, the court of appeals affirmed the district court's ruling that the revocation order entered by DMV must be reversed because Velasquez' due process rights had been violated at the revocation hearing. In so holding, the court of appeals relied on *Kirke v. Motor Vehicle Division*, 724 P.2d 77 (Colo.App.1986) [hereinafter *Kirke*]. We have reversed the court of appeals' due process holding in *Kirke*, and we now reverse here for the same reasons.

I.

In July 1984, a Larimer County sheriff's deputy observed the respondent, Timothy Velasquez [hereinafter Velasquez or licensee], driving a motor vehicle in an erratic fashion. The deputy stopped the vehicle and noticed that Velasquez had the odor of alcohol on his breath, watery, red eyes, and was staggering when he stepped out of his vehicle. Based on these observations the deputy conducted a roadside sobriety test,

which Velasquez failed. The deputy arrested Velasquez and transported him to the Larimer County Detention Center, where he turned Velasquez over to the custody of another sheriff's deputy.

The detention center deputy made the same physical observations, and Velasquez agreed to submit to a blood test to determine his blood alcohol content [hereinafter BAC]. The test was administered within one hour of the time Velasquez had been contacted by the first deputy, and the test result was a BAC of 0.190. The deputy mailed Velasquez a notice of revocation or denial, because the test result required revocation of Velasquez' license pursuant to the "per se" statute.[1]

Velasquez requested a revocation hearing, as provided by statute.[2] At the revocation hearing, the detention center deputy testified; the initial arresting deputy did not appear. The advisement form, which was prepared by the first deputy and admitted into evidence, set forth the grounds on which the first deputy had stopped Velasquez. The detention center deputy testified as to the arresting deputy's observations of Velasquez' erratic driving, and Velasquez objected to this testimony as hearsay. The objection was overruled and the hearing officer ordered Velasquez' license revoked.

On appeal, the district court reversed the revocation order, holding that Velasquez had been denied due process of law because the first deputy who had observed Velasquez' driving had not been present at the hearing for cross-examination. The court of appeals affirmed, relying on its holding in *Kirke*, 724 P.2d 77 (Colo.App. 1986). We have reversed *Kirke*, 743 P.2d 16 (Colo.1987), and this case presents the same issue and substantially similar facts. Therefore, we reverse the court of appeals.

## II.

We held in *Kirke* that it was not a denial of due process for a hearing officer to enter a finding of a revocation element in the absence of non-hearsay evidence as to that element, as long as (1) the hearsay evidence is sufficiently reliable and trustworthy and (2) the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. At 21. At the revocation hearing in *Kirke*, the officer who had investigated the accident was not present. The DUI officer present at the hearing had arrived at the accident later, in response to the investigating officer's request for assistance from a DUI enforcement officer. The DUI officer conducted a roadside sobriety test, arrested *Kirke*, and requested that he submit to a chemical test. The DUI officer's testimony was that he had been advised by the investigating officer that Kirke was the driver of one of the vehicles involved in the accident. This was the only evidence presented at the hearing to establish that Kirke had been driving. We held that this evidence met the test described above, therefore proof of an element of revocation by hearsay evidence alone did not violate the licensee's due process rights. This conclusion was based in part on the fact that the licensee had a statutory right to subpoena the law enforcement officers, and thus make them available for cross-examination.[3]

The facts presented here are substantially similar to the facts in *Kirke*. Based on our reasoning in *Kirke*, we conclude that Velasquez was not denied due process of law. He had the same statutory right to subpoena witnesses that was available to the licensee in *Kirke*. The second deputy testified at Velasquez' revocation hearing that he and the first deputy had discussed the contents of the first deputy's report, and his observations. The statutorily re-

---

1. In 1983, the Colorado legislature passed the so-called "per se" statute, which provides for revocation of an individual's driver's license by DMV if the licensee is driving a motor vehicle and either refuses to submit to a chemical test or shows a BAC of 0.150 or more in the blood or breath test.

2. § 42–2–122.1(7), 17 C.R.S. (1984).

3. "The presiding hearing officer shall have authority ... to issue subpoenas...." § 42–2–122.1(8), 17 C.R.S. (1984).

quired report,[4] setting forth the first deputy's grounds for stopping Velasquez on suspicion of driving under the influence of alcohol, was admitted into evidence. The first deputy was acting in his official capacity in conducting the arrest, placing Velasquez in the custody of the second deputy, and preparing the reports. On this basis, we conclude that the hearsay presented here was sufficiently reliable and trustworthy to justify the hearing officer's reliance on that evidence to establish by a preponderance of the evidence that Velasquez was driving a motor vehicle. For the reasons set forth in *Kirke*, at 21, we hold that the hearing officer did not err, and that the licensee was not denied due process of law. Accordingly, we reverse and remand for reinstatement of the revocation order.